Eric H. Gibbs (Bar No. 178658)
David Stein (Bar No. 257465)
Andre M. Mura (Bar No. 298541)
Kyla J. Gibboney (Bar No. 301441)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612-1406
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com
amm@classlawgroup.com
kjg@classlawgroup.com

Bryce Bell (*pro hac vice*)
Mark W. Schmitz (*pro hac vice* forthcoming)
Andrew R. Taylor (*pro hac vice*)
**BELL LAW, LLC**
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
T: 816-886-8206
F: 816-817-8500
bryce@belllawkc.com
ms@belllawkc.com
at@belllawkc.com

*Counsel for Plaintiff and the Proposed Class*

[additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH BELYEA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREENSKY, INC., et al.,<br><br>Defendants. | Case No. 3:20-cv-01693-JSC<br><br>**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Date:    September 17, 2020<br>Time:    9:00 a.m.<br>Dept.:   Courtroom E, 15th Floor<br>Judge:  Hon. Jacqueline Scott Corley |

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
Case No. 3:20-cv-01693-JSC

# NOTICE OF MOTION

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on September 17, 2020, at 9:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Jacqueline Scott Corley, Courtroom E – 15th Floor 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 15(a)(2), for leave to file an amended complaint, which is submitted as **Exhibit A** to the Declaration of Kyla J. Gibboney. Plaintiff's motion is based on this notice; the accompanying Memorandum in Support, Proposed Order, and proposed amended complaint; and such other evidence as the Court may allow.

# MEMORANDUM IN SUPPORT

## I. Introduction

In early July, this Court conducted a hearing on Defendants' motion to compel arbitration. At that hearing, the Court and parties discussed Plaintiff's intent to amend her complaint. The amended complaint (among other things) would add an additional proposed class representative whose contract did not contain an arbitration clause.

The Court denied Defendants' motion to compel without prejudice and set a series of dates by which Plaintiff should proceed toward that amendment – first, by providing the proposed pleading to Defendants, and then, after hearing from Defendants, filing that pleading.

Plaintiff has complied with that schedule and now seeks leave to amend her complaint. Although Defendants oppose the amendment, this would be the first amendment in this litigation, which has been pending less than a year and merits discovery has yet to commence. The proposed amendment is rather typical for class action litigation: it seeks to add an additional class representative, streamline the factual allegations, and refine the legal claims (cutting one, while adding another). As the amendment threatens no prejudice to Defendants, and is not unduly delayed or made with an improper motive, Plaintiff respectfully requests that the Court grant the motion and allow Plaintiff to file the amended complaint.

## II. Background

### A. Procedural Background

This proposed class action began in January 2020, when Plaintiff Elizabeth Belyea filed suit in San Francisco Superior Court against Defendants GreenSky, Inc., GreenSky of Georgia, LLC, and GreenSky, LLC (collectively "GreenSky"). Gibboney Decl., Ex. B. The complaint alleges that GreenSky operates as an unlicensed and unregistered broker, lender, and credit services organization, and charges consumers illegal, undisclosed fees in violation of the California Financing Law (Cal. Fin. Code § 22000, *et seq.*); the Credit Services Act of 1984 (Cal. Civ. Code § 1789,10, *et seq.*); the Consumers Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*); the California False Advertising Law (Cal. Bus. & Prof. Code § 17500, *et seq.*); and the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*). *Id.* The complaint seeks damages and equitable relief on behalf of a class of California consumers, and a declaratory judgment that GreenSky's conduct is unlawful. *Id.*

In March 2020, Defendants removed the action to this Court and then moved to compel arbitration of Plaintiff's claims. (ECF Nos. 1, 5.) In the following weeks, Eric H. Gibbs, David Stein, Andre M. Mura, and Kyla J. Gibboney of Gibbs Law Group LLP appeared as additional counsel for Ms. Belyea. (ECF Nos. 8-10; 14.)

While Defendants' motion remained pending, Plaintiff's counsel advised Defendants that they had been retained by another member of the proposed class, Heidi Barnes, and that they believed there was no basis for asserting that Ms. Barnes' claims against GreenSky should be subjected to arbitration. Gibboney Decl., ¶ 5 & Ex. D. Accordingly, Plaintiff's counsel asked Defendants to confirm (i) that they did not believe Ms. Barnes' claims would be subject to arbitration, and (ii) that Defendants would consent to the filing of an amended complaint that, among other things, named Ms. Barnes as an additional proposed class representative. *Id.* Although Plaintiff's counsel asked Defendants several times, Defendants declined to confirm whether they believed they would have a basis to compel arbitration of Ms. Barnes' claims. *Id.*, ¶ 6.

At the hearing on Defendants' motion to compel arbitration, Plaintiff's counsel advised the Court that Plaintiff intended to move to amend the complaint and add Ms. Barnes as a named plaintiff. (*See* ECF No. 39.) In its order dated July 2, 2020, the Court denied Defendants' motion to compel arbitration of Plaintiff Belyea's claims without prejudice and set deadlines for Plaintiff to share her proposed amended complaint with Defendants, for Defendants to advise whether they would stipulate to the amendment, and for Plaintiff to move for leave to file her amended complaint if Defendants declined to stipulate to the amendment. (ECF No. 40.) Defendants declined to stipulate to Plaintiff's proposed amendment. Gibboney Decl., ¶ 7.

In declining to stipulate to the amendment, Defendants referenced materials they believe bear on the arbitrability of Plaintiff Belyea's claims and informed Plaintiff's counsel that they would share those materials before the July 30th deadline for Plaintiff to file this motion. *Id.*, ¶ 8. On July 30, Defendants emailed Plaintiff to suggest an extension of time to amend, because Defendants had yet to provide Plaintiff the promised information. *Id.*, ¶ 9. Plaintiff agreed, and the parties therefore stipulated that Defendants would provide Plaintiff with the materials by July 31, 2020, and Plaintiff would have one week to consider that information before having to file any motion to amend. (ECF No. 41.) The Court granted that request. (ECF No. 42.)

Defendants, however, did not provide any information on July 31. Gibboney Decl., ¶ 10. On August 3, Plaintiff emailed to request the information. *Id.* Defendants responded that they had no obligation to produce the information by July 31, and instead may wait another 30 days. *Id.* After Plaintiff reminded Defendants that they had agreed to provide this information by July 31, Defendants attributed the delay to "COVID and other factors." *Id.* To date, Defendants have not provided the information or said when Plaintiff can expect to receive it. *Id.*, ¶ 11.[1]

---

[1] Defendants' failure to provide information when promised threatens to interfere with the otherwise-orderly process underway for amending the complaint. Plaintiff notes that her counsel has been contacted by other consumers willing to serve as class representatives in this litigation and, depending on what Defendants belatedly produce, Plaintiff may seek to add additional co-plaintiffs as proposed class representatives.

1    Plaintiff recently served discovery requests and noticed a Rule 30(b)(6) deposition
regarding contract formation issues raised in Defendants' motion to compel arbitration. The
parties have not engaged in any other motion practice and merits discovery has not yet
begun. The Court has yet to enter a scheduling order that sets a final deadline for amending
the pleadings.

### B. The Proposed Amended Complaint

Like the original complaint, the proposed amended complaint focuses on GreenSky's
unlawful conduct as a broker, lender, and credit services organization and alleges violations
of the California Financing Law, Credit Services Act of 1984, Consumers Legal Remedies Act,
and California Unfair Competition Law. Gibboney Decl., Ex. A.[2] In addition to naming Ms.
Barnes, the amended complaint streamlines the factual allegations supporting Plaintiffs'
claims. *Id.* It also makes clear that the alleged violation of the California Financing Law falls
under the scope of the "unlawful" prong of the Unfair Competition Law and adds a claim for
unjust enrichment. *Id.*

## III. Argument

Plaintiff's motion is governed by Federal Rule of Civil Procedure 15(a)(2), which
provides that leave to amend "shall be freely given." As this Court has recognized in ruling
on similar motions, "[t]he Ninth Circuit has emphasized that leave to amend is to be granted
with 'extreme liberality.'" *Johnson v. Serenity Transportation, Inc.*, No. 15-cv-02004, 2015 WL
4913266, at *2 (N.D. Cal. Aug. 17, 2015) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,
186 (9th Cir. 1987)).

"This liberal standard applies even when the proposed amendment seeks to add a new
party to the action." *Castillo-Antonio v. Mejia*, No. 14-cv-03637, 2014 WL 6735523, at *1 (N.D.
Cal. Nov. 26, 2014) (citing *DCD Programs*, 833 F.2d at 186)). As a result, the "determination
should be performed with all inferences in favor of granting the motion." *Carson v. Seaspan*

---

[2] In accordance with the Court's Standing Order, a redline showing Plaintiff's proposed substantive changes to the original complaint is attached as **Exhibit C** to the Gibboney Declaration.

*Corp.*, No. 19-cv-01551, 2019 WL 6828342, at *1 (N.D. Cal. Dec. 13, 2019) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

In evaluating the motion, the Court considers the five factors listed in *Foman v. Davis*, 371 U.S. 178 (1962): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing *Foman*, 371 U.S. at 182). In so doing, the Court "must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Castillo-Antonio*, 2014 WL 6735523, at *1 (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003)).

Below, Plaintiff addresses each of the five factors, which all favor permitting the proposed amendment.

### A. Plaintiff's request for amendment is made in good faith.

"In order for a court to find that a moving party filed for leave to amend in bad faith, the adverse party must offer evidence that shows 'wrongful motive' on the part of the moving party." *Misle v. Schnitzer Steel Indus., Inc.*, No. 15-cv-06031, 2017 WL 661366, at *3 (N.D. Cal. Feb. 17, 2017) (quoting *DCD Programs*, 833 F.2d at 187). Courts find wrongful motive where, for example, the amendment is introduced to cause a delay in the proceedings or for some other improper purpose. *See, e.g.*, *Foman*, 371 U.S. at 182.

No such wrongful motive exists here. Plaintiff is not seeking "to avoid the possibility of an adverse summary judgment ruling," *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986), or for any other improper purpose. Instead, as is common in proposed class actions, Plaintiff is proposing to amend to (i) add a proposed class representative, (ii) refine her factual allegations, and (iii) add a legal claim while recharacterizing another. As nothing about this suggests improper motive, the first factor favors permitting amendment.

### B. The proposed amendment is timely.

The "Ninth Circuit has explained [that] while a district court may consider the factor of undue delay, '[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"

*SAP Aktiengesellschaft v. i2 Techs., Inc.*, 250 F.R.D. 472, 474 (N.D. Cal. 2008) (quoting *Bowles v. Reade*, 198 F.3d 752, 757–58 (9th Cir. 1999)).

While Defendants have informed Plaintiff's counsel via email that they view this motion as untimely, Defendants have not elaborated on that contention. Gibboney Decl., ¶ 7. Nor will they be able to provide a valid explanation to the Court, for Plaintiff's motion was not unduly delayed. This action was removed to federal court just a few months ago, in March 2020, and Plaintiff brings her motion within the timeline set by the Court's July 2 Order and the subsequent Order extending that deadline. (*See* ECF Nos. 40, 42.) Given the early stage of the litigation, the Court has not yet entered a scheduling order setting a deadline for amending the pleadings, and the parties have not begun broader discovery. *See Castillo-Antonio*, 2014 WL 6735523, at *2 (amendment timely when "discovery has yet to begin"); *Card v. Ralph Lauren Corp.*, No. 18-cv-02553, 2018 WL 4108082, at *3 (N.D. Cal. Aug. 29, 2018) (amendment not untimely even though it came "after the time for an amendment as of right"). With no substantiated suggestion of undue delay, the second factor also weighs in favor of permitting amendment.

### C. The amendment will not prejudice GreenSky.

Although potential prejudice to the opposing party "is the touchstone of the inquiry under rule 15(a)," *Eminence*, 316 F.3d at 1052, that prejudice must be substantial to justify denial of leave to amend. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Other courts have found prejudice when the amendment comes on the eve or close of discovery, *see Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998); when there have been multiple prior efforts to amend, *see Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980); or when the amendment would destroy diversity and strip the court of jurisdiction, *DCD Programs*, 833 F.2d at 187.

No such concerns are present here as this litigation is in its early stages, broader discovery has not yet begun, Defendants have not filed a responsive pleading, and there are no deadlines that would shift as a result of the amendment. *See Artemus v. Louie*, No. 16-cv-00626, 2017 WL 747368, at *4 (N.D. Cal. Feb. 27, 2017) (finding no prejudice and permitting

amendment where there was "significant time left in discovery" and the case schedule would not need "to be altered"); *Card*, 2018 WL 4108082, at *3 ("[G]iven that the case is in its early stages, any prejudice to Defendants is minimal.").

### D. The amendment is not futile.

The inquiry under this factor is whether the proposed amendment is "legally insufficient" such that it would be "immediately subject to dismissal." *Johnson v. Serenity Transportation, Inc.*, 2015 WL 4913266, at *3 (citing *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011)). "Thus, the proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Id.* (citation omitted). Therefore, courts have found that amendment would be futile where, for example, the proposed amended pleading fails to allege additional facts to support a previously dismissed claim, *see Harrison v. Wells Fargo Bank, N.A.*, No. 18-cv-07824, 2019 WL 2515582, at *3 (N.D. Cal. June 18, 2019), or brings claims under a statute that does not permit a private action, *see Cole v. Educ. Credit Mgmt. Corp.*, No. 17-cv-1700974, 2017 WL 8116538, at *2 (C.D. Cal. Oct. 13, 2017). As with the other factors, the burden of demonstrating futility is on the party opposing amendment. *Johnson v. Serenity Transportation, Inc.*, 2015 WL 4913266, at *2 (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989)).

While Defendants informed Plaintiff's counsel via email that they view the proposed amendment as futile, they have not elaborated on their basis for that contention. *See id.* at *3 (unsupported, conclusory arguments about futility are not enough) (citation omitted); Gibboney Decl., ¶ 7. In any event, there is no indication that the claims in the proposed amended complaint would be "immediately subject to dismissal" rendering amendment futile, and Defendants "will be afforded an opportunity to challenge the amended pleading once it is filed." *Castillo-Antonio*, 2014 WL 6735523, at *2. Thus, this factor weighs in favor of permitting amendment.

### E. This is Plaintiff's first amendment.

Because Plaintiff has not previously sought to amend the pleadings, the fifth and final factor also favors amendment.

## IV. Conclusion

For the reasons stated, Plaintiff respectfully requests that the Court grant her motion for leave to file the proposed amended complaint.

Dated: August 7, 2020

Respectfully submitted,

**GIBBS LAW GROUP LLP**

*/s/ Kyla J. Gibboney*

Eric H. Gibbs
David Stein
Andre M. Mura
Kyla J. Gibboney
505 14th Street, Suite 1110
Oakland, CA 94612-1406
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com
amm@classlawgroup.com
kjg@classlawgroup.com

Bryce Bell
Mark W. Schmitz
Andrew R. Taylor
**BELL LAW, LLC**
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
T: 816-886-8206
F: 816-817-8500
bryce@belllawkc.com
ms@belllawkc.com
at@belllawkc.com

Daniel T. LeBel
**CONSUMER LAW PRACTICE OF DANIEL T. LEBEL**
P.O. Box 720286
San Francisco, CA 94111

Telephone: (415) 513-1414
Facsimile: (877) 563-7848
danlebel@consumerlawpractice.com

*Counsel for Plaintiff and the Proposed Class*