UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH BELYEA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREENSKY, INC., et al., <br><br> Defendants. | Case No. 20-cv-01693-JSC <br><br> **ORDER RE: DEFENDANTS' MOTION TO STAY PENDING APPEAL** <br><br> Re: Dkt. No. 105 |

Plaintiffs bring this putative class action against GreenSky of Georgia, LLC and GreenSky, LLC (collectively "GreenSky") alleging violation of California's consumer protection, lending and credit services laws. The Court denied GreenSky's motion to compel arbitration concluding that GreenSky had failed to show that it was undisputed that Plaintiffs agreed to the Arbitration Provision.[1] GreenSky has appealed the Court's Arbitration Order and seeks a stay of proceedings here pending adjudication of that appeal. (Dkt. No. 105.) Having considered the parties' briefs and having had the benefit of oral argument on July 29, 2021, the Court GRANTS IN PART the motion to stay pending appeal. Because the Court applied the wrong legal standard in denying the motion to compel arbitration, where, as here, there are disputed facts regarding whether the parties' formed an agreement to arbitrate, GreenSky's challenge appeal of the Court's Order raises a serious legal issue and the balance of hardships tips in its favor with respect to those Plaintiffs and putative class members for whom there is a dispute if they entered into a valid arbitration agreement.

//

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 4, 11, 77, 78, 79.)

**BACKGROUND**

Elizabeth Belyea filed this putative class action in the Superior Court for the County of San Francisco against GreenSky alleging violations of California's lending and credit services laws, as well as consumer protection laws. (Dkt. No. 1-1at 5.) GreenSky thereafter removed the action to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A) ("CAFA"). (Dkt. No. 1.) Less than a week later, GreenSky filed a motion to compel arbitration which the Court denied finding that had GreenSky failed to prove by a preponderance of the evidence that Belyea agreed to arbitrate. (Dkt. No. 40.) Belyea thereafter filed a motion for leave to file an amended complaint, and following GreenSky's stipulation to amendment, the first amended complaint (FAC) was filed. (Dkt. Nos. 46, 50, 52.) The FAC added Heidi Barnes, Hazel Lodge, and David Ferguson as representative plaintiffs. In response to the FAC, GreenSky moved to dismiss Ms. Barnes' claims and to compel arbitration of Ms. Belyea, Ms. Lodge, and Mr. Ferguson's claims. (Dkt. Nos. 54, 55, 56, 57, 58.)  The Court granted in part and denied in part the motion to dismiss Ms. Barnes' claims and denied the motions to compel arbitration of the other plaintiffs' claims. (Dkt. Nos. 91, 92.)  Plaintiffs subsequently filed the now operative Second Amended Complaint which GreenSky has answered. (Dkt. Nos. 95, 102.)

GreenSky has appealed the Court's Arbitration Order and moves to stay proceedings here pending disposition of that appeal. (Dkt. Nos. 93, 102.)  That motion is fully briefed and Plaintiffs' motion for leave to file a sur-reply to address additional authority cited in GreenSky's reply brief and correct a citation error in their reply brief, which GreenSky opposes, is also pending. (Dkt. Nos. 113, 119.)  Plaintiffs' motion for leave to file a sur-reply is GRANTED.  Following completion of the briefing on the motion to stay, the Ninth Circuit issued its decision in *Hansen v. LMB Mortg. Servs., Inc.*, No. 20-15272, ---F.3d---, 2021 WL 2386391 (9th Cir. June 11, 2021), vacating and remanding a district court's order denying a motion to compel arbitration based on disputes of fact regarding whether the parties had formed an agreement to arbitrate.  The Court requested supplemental briefing from the parties regarding *Hansen's* impact on the Arbitration Order, which is also complete. (Dkt. Nos. 110, 117, 118.)

**DISCUSSION**

A district court's order denying a motion to compel arbitration does not automatically

result in a mandatory stay of proceedings pending appeal of that order. *See Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). A stay pending appeal is a matter of a judicial discretion, not of right. *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (citing *Nken v. Holder*, 556 U.S. 418, 433 (2009)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion." *Nken*, 556 U.S. at 433.

> In deciding whether to exercise that discretion, courts consider the following factors:
>
> > (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id*. (citation omitted). In weighing these factors, courts apply a "sliding scale," whereby the elements of the test are balanced "so that a stronger showing of one element may offset a weaker showing of another." *Leiva–Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011). In particular, a moving party who under the first factor cannot satisfy a strong likelihood of success, must at minimum show that its appeal presents "a substantial case on the merits." *Id*. at 966. Courts alternatively articulate this lesser threshold as whether "serious legal issues" are raised. *See Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998). "[A] party satisfying this lower threshold under the first *Nken* factor must [also] demonstrate that the balance of hardships under the second and third factors tilts sharply in its favor." *Jimenez v. Menzies Aviation Inc*., No. 15-CV-02392-WHO, 2015 WL 5591722, at *2 (N.D. Cal. Sept. 23, 2015) (internal citation and quotation marks omitted).

GreenSky contends that its appeal raises serious legal questions and that its faces irreparable injury if proceedings here are not stayed pending appeal.

**A. Serious Legal Questions**

The first *Nken* factor requires the moving party to demonstrate either a "likelihood of success on the merits" or "a substantial case on the merits" or that "serious legal questions are raised." *Leiva-Perez*, 640 F.3d at 968.  GreenSky does not argue a likelihood of success on the merits and instead focuses on whether its appeal raises serious legal issues.  That defendants are seeking review of an adverse order does not automatically give rise to serious legal issues; rather,

3

"[i]n the Ninth Circuit, 'serious legal questions' often concern constitutionality, issues concerning a split of authority, or questions of law." *Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, No. 16-CV-01702-BLF, 2018 WL 10701601, at *3 (N.D. Cal. July 16, 2018).

GreenSky identifies the following serious questions as presented by its appeal: (1) the Court failed to rule on its equitable estoppel argument; (2) there is a split of opinion among district courts regarding enforcement of the same arbitration agreement here; (3) there is a split of opinion among district courts interpreting the Ninth Circuit's decision in *Norcia v. Samsung Telecommunications Am., LLC*, 845 F.3d 1279, 1284 (9th Cir. 2017); and (4) this appeal raises issues of first impression. Plaintiffs maintain that none of these factors weigh in favor of a stay.

First, GreenSky's argument that the Court failed to address its equitable estoppel argument does not raise a serious legal issue. The Court only needed to reach the equitable estoppel argument if it found a valid agreement, not where, as here, there were "disputed facts about whether the parties actually formed an agreement to arbitrate." *Berman v. Freedom Fin. Network, LLC*, No. 18-CV-01060-DMR, 2018 WL 2865561, at *5 (N.D. Cal. June 11, 2018).

Second, that there is a split of authority among district courts—outside the Ninth Circuit—about whether the GreenSky arbitration agreement is valid and enforceable does not raise a serious legal question given that (1) each case presented distinct facts, and (2) whether the parties formed an agreement to arbitrate is a question of state law. As the Court noted in its first order denying GreenSky's motion to compel arbitration when distinguishing the *Alfortish* and *Terlizzi* cases: "Both cases, however, are factually inapposite as in both the plaintiffs admitted that they signed documents agreeing to be bound by the loan agreement terms." (Dkt. No. 40 at 12 (citing *Alfortish v. GreenSky, LLC*, No. CV 16-15084, 2017 WL 699830, at *2 (E.D. La. Feb. 22, 2017); *Terlizzi v. Altitude Mktg., Inc.*, No. 16-CV-1712-WJMSTV, 2018 WL 2196090, at *8 (D. Colo. May 14, 2018).) In the most recent case, *Wright v. Greensky, Inc.*, No. 20-CV-62441, 2021 WL 2414170, at *16 (S.D. Fla. June 14, 2021), the district court found that the plaintiff "chose to draw upon the loan amount." *Id.* at *16. Here, in contrast, each Plaintiff disputed that they authorized use of the Shopping Pass such that:

> GreenSky's evidence that the merchant charged Plaintiffs' accounts

4

> after the loan agreements were mailed does not dispute Plaintiffs' evidence that the entire transaction was complete on the day they applied for the loans through the merchants and that they took no steps subsequent to that day to authorize transfer of funds to the merchants. Plaintiffs' receipt of the loan agreement with the Arbitration Provision after the transaction had already occurred cannot constitute their agreement to arbitrate.

(Dkt. No. 91 at 12.)  Thus, while a split of authority can provide a basis for a stay, *see Pokorny v. Quixtar, Inc.*, No. 07–00201 SC, 2008 WL 1787111 at *2 (N.D. Cal. Apr. 17, 2008), that general principle is inapplicable here given that the basis for the Court's decision was not a different interpretation of the same legal issue, but rather the different factual record before the Court.

Third, GreenSky's argument that there is a split in authority—caused by this Court's Arbitration Order—regarding interpretation of the Ninth Circuit's decision in *Norcia* is little more than a rehash of arguments that the Court considered and rejected.  *See Jimenez v. Menzies Aviation Inc.*, No. 15-CV-02392-WHO, 2015 WL 5591722, at *2 (N.D. Cal. Sept. 23, 2015) ("rais[ing] similar arguments to those made in its motion to compel arbitration" rather than any substantively new arguments fails to raise a serious legal issue for purposes of a stay pending appeal).  The Court is not bound by other district court decisions—it is bound by the Ninth Circuit—and it applied the Ninth Circuit's holding in *Norcia*—that failing to opt out of an arbitration agreement is insufficient to constitute assent to the agreement—to the facts here. That GreenSky disagrees with the Court's ruling does not in and of itself raise a serious legal question.

Fourth, GreenSky's argument that the Court decided an issue of first impression with respect to its finding as to Ms. Lodge's second loan, fails to raise a serious legal question because again, as Plaintiffs point out, the argument is not that the Court applied the wrong test, but rather an objection to the way the Court applied the test.  This does not give rise to an issue of first impression.  *See Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221, at *4 (N.D. Cal. June 8, 2011) (finding that defendant failed to raise a serious legal question where its argument was not that the court applied the wrong test, but rather that the court misapplied the test that all the parties agreed was the proper test).

The Court, however, finds that GreenSky's appeal raises a serious legal issue given that the Court applied the incorrect legal standard to the determination of whether the parties' formed an

5

agreement to arbitrate.  The Court applied a summary judgment standard to GreenSky's motion to compel arbitration and found that GreenSky had not shown by an undisputed preponderance of evidence that the parties formed a valid agreement given Plaintiffs' attestations of lack of knowledge and consent.  While neither party addressed the applicable legal standard, where, as here, the party moving to compel had not shown based on undisputed facts that the parties formed an agreement to arbitrate, this Court followed other cases in this district and denied the motion to compel arbitration finding that GreenSky had not met its burden.  However, under Section 4 of the FAA "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof."  9 U.S.C. § 4; *see also Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 672 (9th Cir. 2021) ("once a district court concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to a trial on arbitrability and hold any motion to compel arbitration in abeyance until the factual issues have been resolved.").  Accordingly, if permitted, the Court would vacate its order denying the motion to compel arbitration, order the parties to brief the motion under the proper legal standard, and proceed to trial if necessary to resolve any disputed factual issues.

The Court thus concludes that the existence of a serious legal question weighs in favor of stay.

### 2. Irreparable Harm and Balance of Hardships

The second and third *Nken* factors concern whether the moving party "will be irreparably injured absent a stay," and "whether issuance of the stay will substantially injure the other parties." *Nken*, 556 U.S. at 419.  Here, GreenSky argues that the time and expense of litigating the case pending appeal weighs in favor of a stay.  While courts routinely reject such arguments, the Court finds that the argument is compelling here with respect to the claims of those plaintiffs subject to the Court's arbitration order given that the Court concedes that it applied the wrong legal standard.  *See Durruthy v. Charter Commc'ns, LLC*, No. 20-CV-1374 W (MSB), 2021 WL 254194, at *2 (S.D. Cal. Jan. 25, 2021) (granting motion to stay where defendants "will lose the advantages of arbitration if the Ninth Circuit ultimately reverses the order, the harm to [defendant]

6

would be irreparable."). Further, as noted at oral argument, it is unclear how the Court could certify a class of individuals allegedly subject to the arbitration agreement given the individualized factual disputes regarding whether these putative class members entered into a valid arbitration agreement with GreenSky. *See B.F. v. Amazon.com Inc.*, No. C19-910-RAJ-MLP, 2020 WL 3548010, at *4 (W.D. Wash. May 15, 2020), report and recommendation adopted sub nom. *B.F. by & through Fields v. Amazon*, No. C19-910 RAJ-MJP, 2020 WL 3542653 (W.D. Wash. June 30, 2020) ("Given the limited context of Amazon's interlocutory appeal of the order denying compulsion of arbitration, and that the potential class-action litigation expenses would negate the cost-limiting purpose of arbitration, this factor weighs in favor of Amazon.").

However, this is only true as to the claims of those who allegedly entered into arbitration agreements with GreenSky. GreenSky concedes that Plaintiff Barnes and others similarly situated are not subject to arbitration. (Dkt. No. 105 at 33.) While GreenSky makes a perfunctory argument that Ms. Barnes' claims should be stayed pending arbitration, it has failed to show any basis for doing so given that there is no dispute regarding whether her claims are subject to arbitration—they are not. The cases GreenSky relies upon are inapposite. *See Brown v. MHN Gov't Servs., Inc.*, No. C 12-5109 SI, 2014 WL 2472094, at *1 (N.D. Cal. June 3, 2014) ("Plaintiffs in all three cases signed the same arbitration agreement."); *In re Apple iPhone 3G Prod. Liab. Litig.*, No. C 09-02045 JW, 2010 WL 9517400, at *2 (N.D. Cal. Dec. 9, 2010) (granting a stay pending "the Supreme Court's decision in *Conception* [because it] could likely simplify the legal questions in the present case and thus a stay will conserve judicial resources."). GreenSky has thus failed to show any basis for staying Ms. Barnes' claims or those of other class members who are not subject to arbitration.

Accordingly, the Court concludes that a partial stay is appropriate here. Given the Court's findings regarding its arbitration order, the balance of hardships tips heavily in GreenSky's favor with respect to continuing to litigate those claims. However, the balance of hardships tips heavily in Plaintiff's favor with respect to Plaintiff Barnes and those putative class members not subject to the Court's arbitration order as these claims will be litigated in this Court regardless of the disposition of the Court's arbitration order.

**C. The Public Interest**

Finally, the Court considers the public interest. Congress has expressed a strong public interest in arbitration through the FAA. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 n.2 (9th Cir. 1992) ("strong federal policy encouraging arbitration as a prompt, economical and adequate method of dispute resolution for those who agree to it") (internal citation and quotation marks omitted). The public interest favors staying the claims of those Plaintiffs and class members subject to the Court's arbitration order. *See Zaborowski v. MHN Gov't Servs., Inc.*, No. C 12-05109 SI, 2013 WL 1832638, at *3 (N.D. Cal. May 1, 2013) ("Thus, contrary to public policy, judicial resources will be wasted if this case proceeds all the way to trial, only for the Court to later discover that the case should have proceeded through arbitration."). In contrast, there is no public interest in favor of staying the claims of Plaintiff Barnes and the other putative class members who are not subject to the Court's arbitration order.

**CONCLUSION**

For the reasons stated above, GreenSky's motion for stay pending appeal is GRANTED IN PART. (Dkt. No. 105.) The stay is as to Plaintiffs Elizabeth Beylea, Hazel Lodge, David Ferguson, and any putative class members for whom there is likewise a dispute as to whether they entered into a valid arbitration agreement with GreenSky. The claims of Plaintiff Barnes and other similarly situated putative class members are not stayed.

As directed at the hearing, the parties are ordered to meet and confer via videoconference regarding GreenSky's appeal. The Court sets a further video status conference for August 19, 2021 at 1:30 p.m. to discuss the results of the parties' meet and confer efforts.

**IT IS SO ORDERED.**

Dated: July 30, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge