1  Eric H. Gibbs (Bar No. 178658)                Timothy L. Moore, Esq.
2  David Stein (Bar No. 257465)                  CA Bar No. 305168
   Andre M. Mura (Bar No. 298541)                **FISHERBROYLES, LLP**
3  Kyla J. Gibboney (Bar No. 301441)             811 Mason Street
   **GIBBS LAW GROUP LLP**                       San Francisco, CA 94108
4  505 14th Street, Suite 1110                   T: 619-678-1588
   Oakland, CA 94612-1406                        F: 619-275-7479
5  Telephone: (510) 350-9700                     timothy.moore@fisherbroyles.com
   Facsimile: (510) 350-9701
6  ehg@classlawgroup.com
   ds@classlawgroup.com
7  amm@classlawgroup.com
   kjg@classlawgroup.com
8
   Bryce Bell (*pro hac vice*)                   Barry Goheen (*pro hac vice*)
9  Andrew R. Taylor (*pro hac vice*)             **FISHERBROYLES, LLP**
   Mark Schmitz (*pro hac vice*)                 4279 Roswell Road, Suite 208 #351
10 **BELL LAW, LLC**                             Atlanta, GA 30342
   2600 Grand Blvd., Suite 580                   T: 404-793-3093
11 Kansas City, MO 64108                         barry.goheen@fisherbroyles.com
   T: 816-886-8206
12 F: 816-817-8500
   bryce@belllawkc.com
13 at@belllawkc.com
                                                 *Counsel for Defendants GreenSky, Inc.,*
14 *Counsel for Plaintiffs and the Proposed Class*   *GreenSky of Georgia, LLC, and GreenSky, LLC*

15 [additional counsel listed on signature page]

16                      **UNITED STATES DISTRICT COURT**
17                     **NORTHERN DISTRICT OF CALIFORNIA**
18                          **SAN FRANCISCO DIVISION**

19
20  ELIZABETH BELYEA, *et al.*,           Case No. 3:20-cv-01693-JSC
21                      Plaintiffs,       [~~PROPOSED~~] **STIPULATED PROTECTIVE**
                                          **ORDER**
22     v.
23  GREENSKY, INC., *et al.*,             Judge: Hon. Jacqueline Scott Corley
24                      Defendants.
25

This Stipulated Protective Order is entered into between (1) Plaintiff Heidi Barnes; and (2) Defendants, GreenSky, Inc., GreenSky, LLC, and GreenSky of Georgia, LLC (collectively, "Defendants" or "GreenSky") in this case, styled *Belyea et al. v. GreenSky Inc., et al.*, Case No. 20-cv-01693-JSC (hereinafter, the "Lawsuit"). Plaintiff and Defendants will collectively be referred to hereinafter as the "Parties."

The Parties agree that, during the course of discovery, it may be necessary to disclose certain "Confidential Information" (as that term is defined below) relating to the subject matter of this Lawsuit. The Parties further agree that certain categories of information should be treated as confidential, protected from disclosure outside this Lawsuit, and used only for purposes of prosecuting or defending this Lawsuit and any appeals. The Parties request entry of this Stipulated Protective Order to limit the disclosure, dissemination, and use of certain identified categories of information.

The Parties assert in support of their request that protection of the identified categories of "Confidential Information" (as that term is defined below) is necessary because the information is highly confidential and sensitive business information, including but not limited to information relating to GreenSky's business model, financial standings, competitive standings, and third parties that are integral to GreenSky's business (for example, its merchant partners, its funding participants, and its customers). Disclosure of this information could be harmful to the business standing of GreenSky and certain relevant nonparties. Additionally, the Parties envision exchanging certain documents and information in this Lawsuit relating to GreenSky's business practices and technological procedures and policies, and any such documents are proprietary and may contain trade secrets. The Parties may also produce personal identifiable information. Accordingly, for good cause shown under Federal Rule of Civil Procedure 26(c), the Court hereby enters the following Stipulated Protective Order (hereinafter "Order"):

 (1) *Scope*. Certain specifically identified documents and materials produced in the course of discovery of this Lawsuit, including initial disclosures, responses to discovery requests, deposition testimony and exhibits (hereinafter, collectively,

1   "documents"), are subject to this Order concerning "Confidential Information"
2   as defined and set forth below. As there is a presumption in favor of open and
3   public judicial proceedings in the federal courts, this Order will be strictly
4   construed in favor of public disclosure and open proceedings wherever possible.
5   (2)  *Designation of Confidential Information*. As used in this Order, "Confidential
6   Information" is defined as information that the producing Party designates in
7   good faith as having been previously maintained in a confidential manner and
8   that should be protected from disclosure and use outside the Lawsuit because its
9   disclosure and use are restricted by statute or could potentially cause harm to
10  the interests of the producing Party or nonparties.
11  For purposes of this Order, the Parties will limit their designation of
12  Confidential Information to the following categories of information or
13  documents: (1) documents relating to third parties, including funding
14  participants, merchant partners, and borrowers; (2) proprietary business
15  records; (3) trade secrets; (4) financial records; (5) GreenSky's database of
16  borrowers, merchant partners, and funding participants; (6) GreenSky's
17  business practices, policies, and procedures; (7) documents evidencing internal
18  and/or external investigations and regulatory compliance audits; and (8) other
19  highly sensitive information, including personal identifiable information. The
20  following is a nonexclusive list of documents that may fall into one of the above
21  categories: customer lists; merchant partner lists; funding participant lists;
22  customer identifying and financial information; merchant identifying and
23  financial information; funding participant identifying and financial information;
24  credit applications; merchant applications; program terms and conditions;
25  profits and margins; program costs; business plans; financial data; trade secrets;
26  personnel files; certain business communication between GreenSky and its
27  merchant partners, funding participants, and customers; internal policies and
28  procedures; GreenSky mobile application capabilities, specifications, functions,

and limitations; invoices; account statements; organizational charts; research and development; internal and/or external investigations and regulatory compliance audits or reviews of GreenSky, funding participants, and merchant partners; manuals, handbooks, user guides, contracts, internal memoranda, training materials, sales and marketing materials, compliance materials, and other highly sensitive competitive or confidential information. Confidential Information may also include information or records whose disclosure is restricted or prohibited by statute. Information or documents that are available to the public may not be designated as Confidential Information. That the producing Party contends that a document falls within one of the above-listed categories shall not be dispositive of the issue of whether the designation is proper and not prohibit the requesting Party from challenging the designation.[1]

(3) *Form and Timing of Designation*. The producing Party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, the term "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Documents produced in native format that cannot be branded with a designation will be produced in a separate folder labeled with the appropriate designation. Such documents will be treated as if the designation is branded on the document. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any

---

[1] Nothing in this list presumes production. Although otherwise protected by this Order, certain categories of documents and information may not be discoverable.

1  designated documents must also bear the marking, except that indices,
2  electronic databases, or lists of documents that do not contain substantial
3  portions or images of the text or detailed descriptions of marked documents and
4  do not otherwise disclose the substance of the Confidential Information are not
5  required to be marked. By marking a designated document as Confidential, the
6  designating attorney thereby certifies that the attorney holds a good-faith belief
7  that the document contains Confidential Information as defined in this Order.
8  Any such marking applied pursuant to this Order shall be applied in a manner
9  that does not mask or obscure any part of the content of the document.

(4) *Inadvertent Failure to Designate*. Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within five (5) business days after discovery of the inadvertent failure.

(5) *Depositions*. Deposition testimony will only be deemed Confidential if designated as such within 30 days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected. Prior to the expiration of this 30-day period, deposition testimony shall be treated as Confidential Information absent an Order of this Court or agreement of the Parties.

(6) *Protection of Confidential Material*.

   a. **General Protections**. Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this Lawsuit, including any appeals, subject to the other terms and conditions of this Order. Designated Confidential Information shall not be used or disclosed in any other legal proceeding without the consent of the Parties.

   b. **Who May View Designated Confidential Information**. Except with the prior written consent of the designating Party or prior order of the Court,

designated Confidential Information may only be disclosed to the following persons:

1. The Parties to this Lawsuit, including any employees, agents, and representatives of the Parties;
2. Outside and in-house counsel for the Parties and employees and agents of the Parties' counsel;
3. The Court and Court personnel, including any special master appointed by the Court, and members of the jury;
4. Court reporters, recorders, and videographers engaged for depositions;
5. Any mediator appointed by the Court and/or jointly selected by the Parties, including employees of the mediator;
6. Any expert witness, outside consultant, or investigator retained specifically in connection with this Lawsuit, but only after such persons have completed the certification contained in **Attachment A**, *Acknowledgment and Agreement to be Bound*;
7. Any potential, anticipated, or actual third-party fact witness and his or her counsel, but only to the extent such Confidential Information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in **Attachment A**;
8. The author or recipient of the document (not including a person who received the document in the course of the Lawsuit);
9. Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed by one or more of the Parties specifically in connection with this Lawsuit; and

10. Other persons only upon consent of the producing Party and on such conditions as the Parties may agree.

    c. **Control of Documents**. The Parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the Parties must maintain the forms signed by those persons acknowledging their obligations under this Order.

(7) *Filing of Confidential Information*. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Information. A Party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5. Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Confidential Information at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Party's request to file Confidential Information under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

(8) *Challenges to a Confidential Designation*. The designation of any material or document as Confidential is subject to challenge by any Party. Before filing any motion or objection to a Confidential designation, the objecting Party must confer in good faith to resolve the objection informally without judicial intervention. A Party that elects to challenge a confidentiality designation must identify the challenged material with specificity. The burden of proving the necessity of a confidentiality designation remains with the Party asserting confidentiality. Until the Court rules on the challenge, all Parties must continue

to treat the materials as Confidential Information (however so designated by the Party providing the designation) under the terms of this Order.

(9) *Use of Confidential Documents or Information at Trial or Hearing*. Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present, or that anticipates that another Party may present, Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other Parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

(10) *Obligations on Conclusion of Lawsuit*.

a. **Order Remains in Effect**. Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after the conclusion of the Lawsuit. A Party to this Lawsuit or any person with standing concerning the subject matter may seek leave to reopen the case to enforce or modify the provisions of this Order.

b. **Return of Confidential Documents**. Within 90 days after this Lawsuit concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the Party that previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure or (2) the Parties agree to destruction of the document to the extent practicable in lieu of return. With respect to documents bearing the notations, summations, or other mental impressions of the receiving Party, the producing Party agrees to identify documents/data it wishes to have destroyed or returned and the receiving Party agrees to destroy such documents/data and provide a

        written certification to the producing Party that it has done so. Such written certification may be provided by electronic mail.

    c. **Retention of Work Product**. Notwithstanding the above requirements to return or destroy documents, the Parties' counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information. This work product will continue to be Confidential (however so designated by the Party providing the designation) under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information or as consented to by the designating Party or by order of this Court.

(11) *Order Subject to Modification*. This Order is subject to modification by the Court on its own motion or on motion of any Party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

(12) *No Prior Judicial Determination*. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the Parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

(13) *Persons Bound by Protective Order*. This Order will take effect when entered and is binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

(14) *Jurisdiction*. The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. Nevertheless, a Party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

(15) *Applicability to Parties Later Joined.* If additional persons or entities become parties to this lawsuit, this Order shall apply with equal force to those individuals and entities.

(16) *Protections Extended to Third-Party's Confidential Information.* The Parties agree to extend the provisions of this Order to Confidential Information produced in this case by non-Parties.

(17) *Confidential Information Subpoenaed or Ordered Produced in Other Litigation.* If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving Party must promptly notify the designating Party, in writing, sufficiently in advance of the compliance date to allow the designating Party the opportunity to take reasonable steps to quash the subpoena or seek relief from the order in advance of the compliance date, and in no event later than 10 days after receipt by the receiving Party of the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving Party also must timely inform the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving Party must promptly deliver a copy of this Order to the party in the other action that caused the subpoena to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this Lawsuit an opportunity to protect its Confidential Information in the court from which the subpoena or order issued. The designating Party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in

1       its possession, custody, or control Confidential Information designated by the
2       other Party to this case.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: August 25, 2021          Respectfully submitted,

                                  **GIBBS LAW GROUP LLP**

                                  */s/ David Stein*

Eric H. Gibbs
David Stein
Andre M. Mura
Kyla J. Gibboney
505 14th Street, Suite 1110
Oakland, CA 94612-1406
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com
amm@classlawgroup.com
kjg@classlawgroup.com

Bryce Bell
Mark W. Schmitz
Andrew R. Taylor
**BELL LAW, LLC**
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
T: 816-886-8206
F: 816-817-8500
bryce@belllawkc.com
ms@belllawkc.com
at@belllawkc.com

Daniel T. LeBel
**CONSUMER LAW PRACTICE OF DANIEL T. LEBEL**
P.O. Box 720286
San Francisco, CA 94111
Telephone: (415) 513-1414
Facsimile: (877) 563-7848
danlebel@consumerlawpractice.com

*Counsel for Plaintiffs and the Proposed Class*

Dated: August 25, 2021

**FISHERBROYLES, LLP**

*/s/ Barry Goheen*

Timothy L. Moore, Esq.
CA Bar No. 305168
811 Mason Street
San Francisco, CA 94108
T: 619-678-1588
F: 619-275-7479
timothy.moore@fisherbroyles.com

Barry Goheen (*pro hac vice*)
4279 Roswell Road, Suite 208 #351
Atlanta, GA 30342
T: 404-793-3093
barry.goheen@fisherbroyles.com

*Counsel for Defendants GreenSky, Inc., GreenSky of Georgia, LLC, and GreenSky, LLC*

**ATTESTATION**

I attest that for all conformed signatures indicated by an "/s/," the signatory has concurred in the filing of this document.

Dated: August 25, 2021

Respectfully submitted,

*/s/ David Stein*

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**
2
3
4
5  Date: __August 25, 2021__                              _[signature] Jacqueline Scott Corley_
6                                                         HON. JACQUELINE SCOTT CORLEY
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____ in the case captioned, *Belyea et al. v. GreenSky Inc., et al.*, Case No. 20-cv-01693-JSC, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of California in matters relating to this Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as Confidential Information in accordance with this Stipulated Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Stipulated Protective Order.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____        _____
Signature                                                            Date

# EXHIBIT A