UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH BELYEA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GREENSKY, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-01693-JSC<br><br>**ORDER GRANTING MOTION FOR ENTRY OF PARTIAL JUDGMENT**<br><br>Re: Dkt. Nos. 159, 160, 162 |

Elizabeth Belyea, Hazel Lodge, David Ferguson, and Heidi Barnes brought this putative class action against GreenSky of Georgia, LLC and GreenSky, LLC (collectively "GreenSky") alleging violation of California's consumer protection, lending and credit services laws. GreenSky moved to compel arbitration as to Plaintiffs Belyea, Lodge, and Ferguson and after several rounds of briefing, the Court concluded that there were genuine disputes of material fact as to whether an agreement to arbitrate was formed and ordered a trial to resolve the disputes. (Dkt. No. 148.) Plaintiffs Belyea, Lodge, and Ferguson thereafter stipulated that "that they do not contest any of the issues of fact relating to notice and assent that were to have been resolved at trial." (Dkt. No. 156.) In light of this stipulation, the Court granted GreenSky's motion to compel arbitration and dismissed Plaintiffs Belyea, Lodge, and Ferguson's claims without prejudice. (Dkt. No. 159.) Plaintiff Barnes' claims remain pending as she was not subject to the arbitration agreement.

Plaintiffs Belyea, Lodge, and Ferguson now seek entry of final judgment on their claims under Federal Rule of Civil Procedure 54(b). (Dkt. No. 160.) GreenSky opposes Plaintiffs' request. (Dkt. No. 162.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Plaintiffs'

motion.

## DISCUSSION

Federal Rule of Civil Procedure 54(b) provides that a district court may enter final judgment on individual claims in multiple claim actions upon an express determination that there is no just reason for delay. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006). "[A] Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). To determine whether a just reason for delay exists, courts consider the following factors: (1) whether certification will result in unnecessary appellate review; (2) whether the claims finally adjudicated were separate, distinct, and independent of any of the other claims or counterclaims involved; (3) whether review of the adjudicated claims would not be mooted by any future developments in the case; and (4) whether the nature of the claims was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Id*. (citing *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 5-6 (1980)).

"The determination regarding Rule 54(b)'s equitable analysis ordinarily is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (internal citation and quotation marks omitted).

### A. Final Judgment

The first question is whether the Court's order compelling arbitration and dismissing Plaintiffs Belyea, Lodge, and Ferguson's claims without prejudice was a "final judgment, that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (cleaned up). It was. "[A]n order dismissing an action remains a 'final decision' within the traditional understanding of that term, notwithstanding that the dismissal was in favor of arbitration and that the parties could later return to court to enter judgment on an arbitration award." *Interactive Flight Techs., Inc. v. Swissair Swiss Air Transp. Co.*, 249 F.3d 1177, 1179 (9th Cir. 2001) (internal citation omitted)

1  (holding that it is a final judgment regardless of whether the dismissal in favor of arbitration was
2  with or without prejudice).

### B. No Just Reason for Delay

Next, the Court must determine whether there is any just reason for delay. *Curtiss-Wright*, 446 U.S. at 8. Plaintiffs seek to appeal this Court's determination that their arguments regarding the California Credit Services Act ("CSA"), Cal. Civ. Code §§ 1789.10, et seq., are contract formation questions which have been delegated to the arbitrator. (Dkt. No. 148 at 7 ("Plaintiffs' argument that the Arbitration Provision is illegal for failing to comply with the CSA is a challenge to the contract as whole which must be decided by the arbitrator.")). Plaintiffs insist that there is no risk of piecemeal appeals on overlapping issues because there is no dispute that Plaintiff Barnes' contract did not contain an arbitration provision and thus this issue will not arise with respect to the remaining claims. Plaintiffs also maintain that requiring them to await final judgment of Plaintiffs' Barnes claims before appealing the arbitration decision would unfairly delay review of their claims and create potential res judicata issues. GreenSky insists that the Court should not place much weight on Plaintiffs' delay arguments given that they waited 20 months before raising the CSA issue. The Court first considers the parties' arguments regarding judicial efficiency and administration, and then turns to the equities.

With respect to judicial efficiency, the purpose of Rule 54(b) is "specifically to avoid the possible injustice of delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case." *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 902 (2015) (internal citations omitted). In reviewing a district court's decision to certify a claim under Rule 54(b), the Ninth Circuit considers "whether the certified order is sufficiently divisible from the other claims such that the 'case would [not] come back to this court on the same set of facts.'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Wood*, 422 F.3d at 879). "This inquiry does not require the issues raised on appeal to be completely distinct from the rest of the action, so long as resolving the claims would streamline the ensuing litigation.'" *Id*. (internal citation and quotation marks omitted).

Here, there is no risk of piecemeal appeals with respect to the CSA contract formation

question because it only relates to whether the parties formed an agreement to arbitrate. This issue will not arise with respect to Plaintiff Barnes because there was no arbitration clause in her agreement. GreenSky's reliance *Hanks v. Briad Rest. Grp., L.L.C.,* No. 214CV00786GMNPAL, 2016 WL 879304, at *2 (D. Nev. Mar. 7, 2016), is misplaced as there it appears that the remaining plaintiffs likewise signed arbitration agreements. Plaintiff Barnes did not—thus, the Court will not revisit any arbitration-related questions in this action. While Ms. Barnes pleads a claim under the CSA, she does not allege—as Plaintiffs Belyea, Lodge, and Ferguson did—that no agreement was formed between the parties because of procedural defects under the CSA. (*Compare* Dkt. No. 142 at 17 *with* SAC, Dkt. No. 95 ¶¶ 124-131.) Further, the Court did not reach the merits of Plaintiffs' CSA arguments and instead found that these must be decided by the arbitrator; that is, "[t]his Court will have no occasion in the ongoing litigation to revisit the issues that Plaintiffs now wish to appeal." *Steinle v. City & Cty. of San Francisco*, No. 16-CV-02859-JCS, 2017 WL 2021360, at *4 (N.D. Cal. May 12, 2017). Thus, there is no risk of overlapping appeals of the discrete legal issue regarding delegation raised in Court's arbitration order.

    Second, with respect to the equities, the Court concludes that the relative prejudice to either party is not strong enough to provide just reason for delay. GreenSky's lament that Plaintiffs' prejudice argument is undercut by their delaying 20 months into the litigation to raise the CSA argument in opposition to GreenSky's motion to compel arbitration is unpersuasive. As the Court noted when GreenSky previously raised this argument, it has pointed to no rule—and the Court is unaware of one—which precluded Plaintiffs from raising new arguments in their opposition brief. (Dkt. No. 148 at 5.) Further, GreenSky has identified no prejudice which resulted from the delay—the Court still granted its motion and referred the issue to the arbitrator. To be sure, that Plaintiffs decided to stipulate to arbitrability of their claims after multiple rounds of briefing and expenditure of extensive judicial resources is unfortunate, but it does not render certification of the discrete legal issue presented here inequitable.

    Plaintiffs' res judicata argument is likewise unpersuasive. Because this case is here by diversity jurisdiction, California issue preclusion rules apply. *See In re Pac. Fertility Ctr. Litig.*, No. 18-CV-01586-JSC, 2021 WL 5283954, at *2 (N.D. Cal. Nov. 12, 2021). "Under California

4

law, a judgment is not final 'while open to direct attack, e.g., by appeal.'" *Id.* (quoting *Abelson v. Nat'l Union Fire Ins. Co.*, 28 Cal. App. 4th 776, 787 (1994)). Given that this action—with respect to Plaintiff Barnes' claims—is in its early stages and Plaintiff's class certification motion is not due until December 2022, the Court finds it unlikely that this action—including any appeal—will be resolved before Plaintiffs Belyea, Lodge, and Ferguson's arbitrations such that there would be any preclusive effect with respect to Plaintiff Barnes' claims. To be clear, Plaintiffs have not requested and the Court is not granting a stay of its order compelling arbitration.

At bottom, the relative equities of certification for each of the parties is neutral. Accordingly, because the equities are neutral and judicial efficiency would be promoted by immediate review of the Court's arbitration decision which is "separable from the other [issues] remaining to be adjudicated… such that no appellate court would have to decide the same issues more than once" *Curtiss-Wright*, 446 U.S. at 8, there is no just reason for delay.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure is GRANTED. The Clerk is instructed to enter judgment in favor of GreenSky on Plaintiffs Belyea, Lodge, and Ferguson's claims. This Order has no effect on Plaintiffs' arbitration proceedings or on any deadlines set with respect to Plaintiff Barnes' claims.

This Order disposes of Docket Nos. 160, 162.

**IT IS SO ORDERED.**

Dated: April 20, 2022

JACQUELINE SCOTT CORLEY
United States District Judge