Eric H. Gibbs (Bar No. 178658)
David Stein (Bar No. 257465)
Andre M. Mura (Bar No. 298541)
Kyla J. Gibboney (Bar No. 301441)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com
amm@classlawgroup.com
kjg@classlawgroup.com

Bryce Bell (*pro hac vice*)
Mark W. Schmitz (*pro hac vice*)
Andrew Taylor (*pro hac vice*)
**BELL LAW, LLC**
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
T: 816-886-8206
F: 816-817-8500
bryce@belllawkc.com
ms@belllawkc.com
at@belllawkc.com

*Counsel for Plaintiffs and the Proposed Class*

[additional counsel listed on signature page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELYEA, *et al.*,<br><br>          Plaintiff,<br><br>     v.<br><br>GREENSKY, INC. *et. al.*,<br><br>          Defendants. | Case No. 20-cv-01693-JSC<br><br>**NOTICE OF MOTION AND MOTION TO SET ASIDE JUDGMENT AND FOR OTHER RELIEF**<br><br>Date of hearing: September 8, 2022<br>Time of hearing: 9 a.m. |

TO DEFENDANTS GreenSky, Inc., *et al.*, and their attorneys of record:

PLEASE TAKE NOTICE that on September 8, 2022, at 9 am, or as soon thereafter as the matter may be called at the U.S. District Courthouse at 450 Golden Gate Avenue, San Francisco, California, in Courtroom E on the 15th Floor, before the Honorable Magistrate Judge Jacqueline Scott Corley, Plaintiffs will and hereby do move for an order setting aside judgment as to Plaintiff Belyea's claims (ECF No. 163) so that this Court may decide issues that had been delegated to the arbitrator, and that this Court enter an order awarding monetary sanctions, and striking GreenSky's affirmative defense of arbitration as to the proposed class, and/or grant other relief as contemplated under California law.

Pursuant to Federal Rule of Civil Procedure 60(b)(6), Plaintiff Elizabeth Belyea requests that the Court's April 20, 2022, Order Granting Motion for Entry of Partial Judgment be set aside with respect to Plaintiff Belyea. Consistent with the Court's previous orders, Plaintiff Belyea promptly submitted a demand for arbitration on threshold issues of the scope and validity of the arbitration agreement. Under California law, Defendants GreenSky, Inc., *et al.* ("GreenSky") had 30 days to pay GreenSky's share of the arbitration fees, but failed to do so – which, by operation of the California Civil Code, constitutes a waiver of GreenSky's right to arbitrate the issues put before the arbitrator. For that reason, Plaintiff Belyea requests that the April 20, 2022 order be set aside so that the issues that had been presented to the arbitrator may be decided by the Court as contemplated under the California Civil Code. Additionally, Plaintiffs respectfully request this Court enter an order for other relief as permitted by California law.

This motion is based on this Notice of Motion and Motion to Set Aside Judgment and for Other Relief, the following memorandum of points and authorities, the attached declaration and exhibits, and any other matters in the record or that properly come before the Court.

# TABLE OF CONTENTS

Page

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ........................................1

LEGAL STANDARD ........................................................................................................3

ARGUMENT....................................................................................................................3

    I.    GreenSky is in material breach of the delegation clause for failing to pay
        its arbitration fees within the time allowed by Cal. Code Civ. Pro.
        § § 1281.97-99. ......................................................................................................3

      a.    GreenSky has failed to comply with the 30-day requirement under
           §§ 1281.97 and 1281.98. ...............................................................................3

      b.    Greensky has waived its rights under the delegation clause to have
           questions of scope and validity decided by an arbitrator...............................4

    II.   Plaintiff Belyea is permitted to have the issues of scope and validity of
        the arbitration determined by this Court. .......................................................6

      a.    Plaintiff Belyea may withdraw her claims in arbitration and have
           them heard by the Court.................................................................................6

      b.    The Court should reach the question of waiver as to the delegation
           clause and decide the delegated issues..........................................................7

    III.  The Court should strike GreenSky's affirmative defense of arbitration,
        and order GreenSky to pay the reasonable attorney's fees. ...................................9

CONCLUSION.................................................................................................11

**TABLE OF AUTHORITIES**

Cases                                                                                      Page(s)

*Agerkop v. Sisyphian LLC,*
   No. CV1910414CBMJPRX, 2021 WL 1940456 (C.D. Cal. Apr. 13, 2021) ...................... 4, 5

*Bielski v. Coinbase, Inc.,*
   No. C 21-07478 WHA, 2022 WL 1062049 (N.D. Cal. Apr. 8, 2022) ................................... 8

*Biernacki v. Serv. Corp. Int'l,*
   533 F. App'x 741 (9th Cir. 2013)......................................................................................... 4

*Brice v. Haynes Invs., LLC,*
   13 F.4th 823 (9th Cir. 2021)................................................................................................ 8

*Burri L., P. A. v. Byzantine Cath. Eparchy of Phoenix,*
   No. 8:18-CV2879-T-36JSS, 2019 WL 8918570 (M.D. Fla. June 19, 2019) ...................... 10

*Daniels v. Securitas Sec. Servs. USA, Inc.,*
   No. SACV1800265CJCSKX, 2021 WL 2322938 (C.D. Cal. May 27, 2021) ...................... 5

*Dekker v. Vivint Solar, Inc.,*
   479 F.Supp.3d 834 (N.D. Cal. 2020) .................................................................................. 5

*Eliasieh v. Legally Mine, LLC,*
   No. 18-CV-03622-JSC, 2020 WL 1929244 (N.D. Cal. Apr. 21, 2020) .............................. 6

*Freeman v. SmartPay Leasing, LLC,*
   771 F. App'x 926 (11th Cir. 2019)...................................................................................... 6

*Hagan v. Park Miller LLC,*
   No. 20-CV-06818-CRB, 2020 WL 7319357 (N.D. Cal. Dec. 11, 2020) ............................ 5

*Imagenetix, Inc. v. GNC Holdings, Inc.,*
   No. 12-CV-89-H (RBB), 2013 WL 12114630 (S.D. Cal. Jan. 28, 2013) ........................... 6

*In re Checking Acct. Overdraft Litig.,*
   754 F.3d 1290 (11th Cir. 2014) ........................................................................................... 8

*Melo v. Zumper, Inc.,*
   No. 20-CV-00714-PJH, 2020 WL 1891796 (N.D. Cal. Apr. 16, 2020)............................. 3

*Mikhak v. Univ. of Phoenix,*
   No. 21-CV-06919-CRB, 2022 WL 602516 (N.D. Cal. Mar. 1, 2022) .............................. 3

NOTICE OF MOT. & MOT. TO SET ASIDE JUDGMENT & FOR OTHER RELIEF
Case No. 20-cv-01693-JSC

*Morgan v. Sundance, Inc.*,
   142 S. Ct. 1708 (2022) ............................................................................................. 5

*Panhandle Irr., Inc. v. Coronado*,
   21 F.3d 1115 (9th Cir. 1994) ................................................................................. 10

*Postmates Inc. v. 10,356 Individuals*,
   2021 WL 540155 (C.D. Cal. Jan. 19, 2021) .......................................................... 10

*Rent-A-Ctr., W., Inc. v. Jackson*,
   561 U.S. 63 (2010) ............................................................................................... 7, 8

*Sink v. Aden Enterprises, Inc.*,
   352 F.3d 1197 (9th Cir. 2003) ................................................................................. 6

*Steffanie A. v. Gold Club Tampa, Inc.*,
   No. 8:19-CV-3097-T-33TGW, 2020 WL 4201948 (M.D. Fla. July 22, 2020) ......... 6

*Strong v. Davidson*,
   734 F. App'x 578 (10th Cir. 2018) .......................................................................... 6

*Ward v. Crow Vote LLC*,
   No. SACV21CV01110JVSDFMX, 2021 WL 5927803 (C.D. Cal. Oct. 7, 2021) ........ 8

*Ytech 180 Units Miami Beach Invs. LLC v. Certain Underwriters at Lloyd's, London*,
   359 F. Supp. 3d 1253 (S.D. Fla. 2019) .................................................................... 8

<u>Statutes</u>

Cal. Civ. Code § 1281.97-99 ................................................................................. passim

Cal. Civ. Code § 1789.10 .............................................................................................. 1

NOTICE OF MOT. & MOT. TO SET ASIDE JUDGMENT & FOR OTHER RELIEF
Case No. 20-cv-01693-JSC

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Elizabeth Belyea originally filed this case in San Francisco Superior Court on January 9, 2020, alleging that GreenSky operates as an illegal loan broker under various California statutes, including the California Credit Services Act ("CSA"). Cal. Civ. Code § 1789.10. (ECF No. 1) On March 9, 2020, GreenSky removed this case to federal court. (ECF No. 1) On March 16, 2020, GreenSky moved to compel arbitration of Plaintiff Belyea's claims. (ECF No. 5) Plaintiff Belyea filed an opposition brief on April 14, 2020. (ECF No. 15) Multiple rounds of arbitration briefing ensued over the course of two years, during which Plaintiffs raised three principal arguments in resisting the motion to compel arbitration: (1) that Plaintiffs had not assented, explicitly or tacitly, to the arbitration provision; (2) that no agreement to arbitrate between a consumer and a CSO could be formed without the consumer's signature; (3) that if the agreement to arbitrate were properly formed and enforceable, it did not confer the right to compel arbitration of disputes on GreenSky—absent the presence of the lender as a party. The Court ruled that the first question was one for the Court to decide, that the second argument was delegated to an arbitrator, and that the third issue went to scope, rather than who can compel arbitration—an issue delegated to the arbitrator under the delegation clause. (ECF No. 148)

Rather than expend the Court and parties' resources on a trial addressing only the question of assent to contract terms for themselves, Plaintiffs Belyea, Ferguson, and Lodge, stipulated that they would not contest the general question of assent. (ECF No. 156) However, Plaintiffs specifically reserved their rights to have certain threshold issues heard by the arbitrator including: "(1) that the plain language of the arbitration provision does not apply to Plaintiffs' claims against GreenSky, (see ECF No. 15 at 4-7; ECF No. 67 at 5-8; ECF No. 142 at 24-25)[1], (2) that under § 1789.14 and § 1789.16 of the Credit Services

---

[1] This argument had been addressed in a previous order, on April 9, 2021, where the Court held that GreenSky could enforce the arbitration agreement and that the language in the arbitration agreement requiring the lender be a party to the dispute went to the question of *what* was covered by the arbitration (the scope) rather than the question of *who* (third parties) could enforce it. (Dkt. No. 91.)

Act of 1984, GreenSky needed to obtain a signature from, and make disclosures to, Plaintiffs to form an enforceable contract like the arbitration provision at issue here, and that GreenSky failed to do so, (ECF No. 142 at 10-16). (EFC No. 156 at 2).

The Court entered its order compelling the three Plaintiffs to arbitration on March 15, 2022 (ECF No. 159), and on April 20, 2022, the Court entered an Order Granting a Motion for Entry of Partial Judgment as to Plaintiffs Belyea, Lodge, and Ferguson. (ECF No. 163)

After the April 20, 2022 order, Plaintiff Belyea filed a Demand for Arbitration with JAMS ("the Demand") on June 6, 2022. (Ex. 1, Arb. Demand) The Demand asked the arbitrator to decide the two threshold issues that Plaintiffs had reserved their rights to have heard by an arbitrator (ECF No. 156 at 2) in the previous stipulation: 1) did the claims fall within the scope of the arbitration agreement when the lender is not a party to the dispute; and 2) did the CSA require GreenSky to obtain a signature from, and make disclosures to, the Plaintiffs to form an enforceable agreement to arbitrate, and thus rendering the arbitration agreement invalid absent a signature. (Ex. 1)

GreenSky filed its response to Plaintiff Belyea's arbitration demand on June 22, 2022. (Answer, Ex. 2) On June 24, 2022, JAMS served a Notice of Intent to Initiate Arbitration on all parties (Notice of Intent, Ex. 3) and generated a Deposit Request in the amount of $1,500.00 for GreenSky's nonrefundable filing fee. (Deposit Request, Ex. 4) The Notice of Intent informed GreenSky that Claimant Belyea had paid her portion of the filing fee, and that GreenSky was obligated to pay the remaining $1,500.00 non-refundable filing fee; that the fee was "due upon receipt"; and that until GreenSky paid the JAMS would not formally commence the arbitration. (Ex. 3). Both the Notice of Intent and the Deposit Request informed GreenSky that they were obligated to pay the $1,500.00 upon receipt. (Ex. 3 and 4)

On July 15, 2022, over a month after Plaintiff Belyea filed her initial demand, the JAMS Case Manager Danielle Osk emailed the parties, asking Counsel for Respondent GreenSky to provide an update on the status of payment. (JAMS Email, Ex. 5) Included

with the email was a copy of both the Notice of Intent and the Invoice, dated for June 24, 2022. (Ex. 5) Respondent's counsel never provided JAMS or Plaintiff Belyea with an update on the status of payment.

As of the filing of this motion, Defendant GreenSky has not paid its share of the filing fee necessary to formally commence the arbitration. (Screenshot, Ex. 6) California law requires GreenSky to pay the fee within 30 days of the due date. Cal. Civ. Code § 1281.97-99. GreenSky has materially breached the delegation clause and waived its rights to have the issues in the Demand heard by an arbitrator.

## LEGAL STANDARD

Federal rule 60(b)(6) permits this Court to set aside a final judgment or order for any "reason that justifies relief." The rule is an equitable remedy designed to prevent manifest injustice. *Mikhak v. Univ. of Phoenix,* No. 21-CV-06919-CRB, 2022 WL 602516, at *4 (N.D. Cal. Mar. 1, 2022). Where a party can show injury and circumstances beyond their control, it is proper to set aside the judgment. *Melo v. Zumper, Inc.*, No. 20-CV-00714-PJH, 2020 WL 1891796, at *2 (N.D. Cal. Apr. 16, 2020).

## ARGUMENT

This Court should set aside its March 15, 2022 and April 20, 2022 orders as to Plaintiff Elizabeth Belyea, and grant other relief permitted by California law. Under California's Code of Civil Procedure §§ 1281.97-99, GreenSky was required to pay its portion of the arbitration fees within 30 days of being due. GreenSky has failed to pay its fees within that 30-day window. Under §§ 1281.97-99, GreenSky has waived its right to have the issues presented in the arbitration—the scope and validity of the arbitration provision—heard by an arbitrator, and Plaintiffs are permitted to have this Court decide them.

**I.  GreenSky is in material breach of the delegation clause for failing to pay its arbitration fees within the time allowed by Cal. Code Civ. Pro. § § 1281.97-99.**

    a.  <u>GreenSky has failed to comply with the 30-day requirement under §§ 1281.97 and 1281.98.</u>

Under California's Code of Civil Procedure sections 1281.97 and 1281.98, if a

consumer arbitration requires that the drafting party pay a fee to proceed with the arbitration, the drafting party must pay that fee within 30 days of the due date. §§ 1281.97(a)(1); 1281.98(a)(1); *Agerkop v. Sisyphian LLC,* No. CV1910414CBMJPRX, 2021 WL 1940456, at *3 (C.D. Cal. Apr. 13, 2021). Additionally, the statutes require that the arbitration provider (here JAMS) issue all invoices related to the arbitration as "due upon receipt" absent "an express provision in the arbitration agreement setting a specific number of days." §§ 1281.97(2); 1281.98(2). If the drafting party fails to pay the fee within 30 days after the due date, "the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right" to proceed within arbitration. §§ 1281.97(a)(1); 1281.98(a)(1); *Agerkop*, 2021 WL 190456 at *3. There is no exception to the 30-day rule under either section for mistake, excusable neglect, or any other principle of equitable tolling—it is a hard and fast rule.

In this case, GreenSky received not just a bill but both a Notice of Intent to Initiate Arbitration (Ex. 3) and an invoice (the Deposit Request) (Ex. 4) on June 24, 2022. Both informed GreenSky of its obligation to pay its share of the filing fee ($1,500.00). As required by California law, both documents indicated that "Payment is due upon receipt." (Ex. 3, 4) GreenSky was bound by California law to pay the $1,500.00 fee by July 25, 2022 (30 days falling on a Sunday, the due date moves to the following non-holiday). Even if GreenSky had somehow missed both the Notice and the Invoice in the first instance, JAMS administrator Danielle Osk emailed GreenSky to remind it of its obligation to pay the fee on July 15, 2022, attaching both documents to the email. (Ex. 5) GreenSky never responded. And as of the filing of this motion, GreenSky has not paid its share of the arbitration fee—well past the 30-day window. (Ex. 6)

b. <u>Greensky has waived its rights under the delegation clause to have questions of scope and validity decided by an arbitrator.</u>

The question of whether GreenSky "waived [its] rights to compel individual arbitration is governed by state law." *Biernacki v. Serv. Corp. Int'l*, 533 F. App'x 741, 742 (9th Cir. 2013) The statutory language here is crystal clear, GreenSky's failure to pay its

share of the arbitration fee within 30 days placed GreenSky in material breach of the agreement and waived GreenSky's right to have the claims heard by an arbitrator. §§ 1281.97(a)(1); 1281.98(a)(1). It makes no difference that the underlying case is pending in federal, rather than state court[2], or that the Court's order compelling arbitration applied the Federal Arbitration Act. *Dekker v. Vivint Solar, Inc.*, 479 F.Supp.3d 834, 837-839 (N.D. Cal. 2020) (reversed on other grounds, No. 20-16584, 2021 WL 4958856 (9th Cir. Oct. 26, 2021)); *Agerkop*, 2021 WL 190456 at *4-5. The 30-day requirement, under sections 1281.97 and 1281.98, is a substantive modification of California contract law with respect to waiver and material breach. *Dekker*, 479 F.Supp.3d at 837. For that reason, federal courts have applied sections 1281.97 and 1281.98 to find waiver.[3]

Finding waiver here is also entirely consistent with how waiver has been applied historically in the arbitration context in this Circuit. Traditionally, a party seeking "to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Hagan v. Park Miller LLC*, No. 20-CV-06818-CRB, 2020 WL 7319357, at *3 (N.D. Cal. Dec. 11, 2020). However, the Supreme Court recently held that there is no prejudice requirement to show waiver under the FAA. *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1714 (2022) (finding the defendant waived its right to compel arbitration by engaging in litigation too long and prejudice was not a necessary component of waiver). Without the need to show prejudice, this Court need only find that GreenSky was aware of its right to arbitrate, and that it acted inconsistent with that right.

GreenSky cannot argue it was unaware of its right to compel arbitration, as it was the party that sought to compel arbitration in the first place. (ECF 5) The first prong is

---

[2] The arbitration itself took place neither in state or federal court, but an arbitral forum in the state of California. It would be odd that the efficacy of the state law defense would depend on where the Plaintiff subsequently sought to have the waiver question addressed.

[3] *Agerkop v. Sisyphian LLC*, No. CV1910414CBMJPRX, 2021 WL 1940456, at *3 (C.D. Cal. Apr. 13, 2021); *Dekker v. Vivint Solar, Inc.*, 479 F.Supp.3d 834 (N.D. Cal. 2020); *Daniels v. Securitas Sec. Servs. USA, Inc.*, No. SACV1800265CJCSKX, 2021 WL 2322938, at *2 (C.D. Cal. May 27, 2021);

clearly met. GreenSky's failure to pay its fee within 30 days in compliance with California law, particularly after receiving a reminder from the arbitration administrator, is inconsistent with its right to arbitrate. Many courts have held that a party acts inconsistent with its right to arbitrate by failing to pay the arbitrator's fees— particular after receiving a reminder from the arbitrator. *Freeman v. SmartPay Leasing, LLC*, 771 F. App'x 926, 932 (11th Cir. 2019) (finding that the defendant "waived its right to arbitration by failing to pay arbitration fees"); *Strong v. Davidson*, 734 F. App'x 578, 582 (10th Cir. 2018); *Steffanie A. v. Gold Club Tampa, Inc.*, No. 8:19-CV-3097-T-33TGW, 2020 WL 4201948, at *4 (M.D. Fla. July 22, 2020); *Imagenetix, Inc. v. GNC Holdings, Inc.*, No. 12-CV-89-H (RBB), 2013 WL 12114630, at *5 (S.D. Cal. Jan. 28, 2013) (noting that failure to pay the arbitrator's fee can constitute waiver).

The Ninth Circuit drew a similar conclusion in *Sink v. Aden Enterprises, Inc.*. 352 F.3d 1197, 1201 (9th Cir. 2003) There, the Ninth Circuit held that the defendant's "failure to pay required costs of arbitration was a material breach of its obligations in connection with the arbitration." *Id.* This Court has also held that a failure to pay the arbitration fee can support a finding of material breach. *Eliasieh v. Legally Mine, LLC*, No. 18-CV-03622-JSC, 2020 WL 1929244, at *1 (N.D. Cal. Apr. 21, 2020) (J. Corley) (citing the defendant's failure to pay fees and to follow the arbitrator's procedures in finding material breach). Certainly, materially breaching one's obligations in connection with arbitration is inconsistent with reserving one's rights to proceed in arbitration. GreenSky has clearly waived its rights to arbitration both under traditionally principles of waiver, but more importantly, under sections 1281.97 and 1281.98.

## II. Plaintiff Belyea is permitted to have the issues of scope and validity of the arbitration determined by this Court.

### a. Plaintiff Belyea may withdraw her claims in arbitration and have them heard by the Court.

Once it has been established that GreenSky waived its right to have the claims heard by an arbitrator, sections 1281.97 and 1281.98 provide Plaintiff Belyea with two options for recourse *at her unilateral election*: (1) "Withdraw the claim from arbitration

and proceed in a court of appropriate jurisdiction"; or (2) "Compel arbitration in which the drafting party shall pay reasonable attorney's fees and costs related to the arbitration." §§ 1281.97(2)(b)(1)-(2); 1281.98(2)(b)(1)-(2).

Here, Plaintiff Belyea presented two claims to the arbitrator. (Ex. 1) Both threshold issues: 1) whether GreenSky could form a valid and binding arbitration agreement, with a consumer, absent that consumer's written signature as required by California's Credit Services Act; and 2) whether the claims against GreenSky in the underlying litigation fell outside the scope of the arbitration clause where the lender was not a party. Belyea only asked the arbitrator to decide these threshold issues. The arbitrator was not asked to address the underlying merits of Plaintiff Belyea's claims that were pending in this Court—claims that mirror those of the putative class. (Ex. 1) Pursuant to sections 1281.97(2)(b)(1) and 1281.98(2)(b)(1), Plaintiff Belyea is entitled to withdraw her claims that were presented to the arbitrator—scope and validity—and have those claims heard by this Court. Plaintiff Belyea is requesting an order to that effect.

   b. The Court should reach the question of waiver as to the delegation clause and decide the delegated issues.

As the delegation clause is a severable agreement from the underlying arbitration provision, this Court must address first whether GreenSky has waived its rights under the delegation clause—and then proceed to decide the merits of the scope and validity issues presented to the arbitrator.

It is well established that, as "[a]n agreement to arbitrate a gateway issue," delegation clauses are "simply an additional, antecedent agreement" to arbitrate, and the "FAA operates on this *additional arbitration agreement* just as it does on any other." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010) (emphasis added). Including application of state law contract defenses. *Id.* at 67-69. Because the delegation clause is a separate agreement, when a delegation clause exists, the Court must first "focus on the enforceability of that specific provision, not the enforceability of the arbitration

agreement as a whole." *Bielski v. Coinbase, Inc.*, No. C 21-07478 WHA, 2022 WL 1062049, at *2 (N.D. Cal. Apr. 8, 2022) (quoting *Brice v. Haynes Invs., LLC*, 13 F.4th 823, 827 (9th Cir. 2021)). Even though the "delegation provision may be unenforceable for the same reasons as the broader arbitration agreement," a party must make a showing that the delegation clause itself is unenforceable. *Id.* at 6 (quoting *Brice*, 13 F.4th at 827). Waiver is precisely such a defense to enforceability. Just like with an arbitration provision, a party can waive their rights under the delegation clause and have the delegated issues heard by the Court.[4] Since the delegation clause is simply an additional agreement to arbitrate, the California state law wavier provisions in sections 1281.97 and 1281.98 would apply to the delegation clause the same as any other arbitration provision. *See Rent-A-Ctr., W., Inc.*, U.S. 63, 67-70 (2010) (opining that state law contract defenses are applicable to delegation clauses).

Here, the relevant language in the arbitration provision delegates issues of "validity, enforceability or scope" to the arbitrator. (GreenSky Contract, Ex. 7) The two questions presented by Plaintiff Belyea to the arbitrator were: 1) whether GreenSky could form a valid and binding arbitration agreement with a consumer absent that consumer's written signature as required by California's Credit Services Act; and 2) whether the claims against GreenSky in the underlying litigation fell outside the scope of the arbitration clause where the lender was not a party. The first question addresses the validity of the arbitration agreement, the second addresses its scope.

Plaintiff Belyea specifically took these issues up in arbitration—rather than the underlying merits that were presented to this Court—because Plaintiff Belyea wishes to

---

[4] *See Ward v. Crow Vote LLC*, No. SACV21CV01110JVSDFMX, 2021 WL 5927803, at *4 (C.D. Cal. Oct. 7, 2021) (finding that the defendant had waived its right to assert the delegation clause by failing to raise it, and then addressing the question of the validity of the arbitration agreement); *Ytech 180 Units Miami Beach Invs. LLC v. Certain Underwriters at Lloyd's, London*, 359 F. Supp. 3d 1253, 1264 (S.D. Fla. 2019) (where the defendant "has waived the delegation clause … the court must determine whether the arbitration agreement is enforceable."); *In re Checking Acct. Overdraft Litig.*, 754 F.3d 1290, 1294-1296 (11th Cir. 2014) (discussing cases where delay in raising delegation clause led to waiver, and the threshold questions otherwise delegated to an arbitrator were for the court to decide).

represent a class of individuals similarly injured, rather than having only her individual claims heard. (ECF No. 156 at 2). Plaintiff sought to have these issues decided because Plaintiff believes a favorable decision on either of these two points would impact the applicability of the arbitration provision to the entire class. In effect, Plaintiff was only in front of the arbitrator on the delegation clause—not the arbitration provision as a whole. Therefore, GreenSky's failure to pay its share of the arbitration fees within 30 days is a material breach of the delegation clause, and GreenSky has waived its rights to have those two issues decided by the arbitrator. It is therefore appropriate for the Court to hear the claims.

### III.  The Court should strike GreenSky's affirmative defense of arbitration, and order GreenSky to pay the reasonable attorney's fees.

Sections 1281.97 and 1281.98 require the imposition of sanctions on the drafting party for failure to pay the arbitration fees within the 30-day window. §§ 1281.97(d); 1281.98(c)(2). Section 1281.97(d) states that "If the employee or consumer proceeds with an action in a court of appropriate jurisdiction, the court *shall* impose sanctions on the drafting party in accordance with Section 1281.99." (emphasis added). Section 1281.98(c) similarly states that:

> (c) If the employee or consumer withdraws the claims from arbitration and proceeds in in a court of appropriate jurisdiction pursuant to paragraph (1) of subdivision (b) both of the following apply:
>
> > (1) The employee or consumer may bring a motion, or a separate action, to recover all attorney's fees and all costs associated with the abandoned arbitration proceeding. The recovery of arbitration fees, interest, and related attorney's fees shall be without regard to any findings on the merits in the underlying action or arbitration.
> >
> > (2) The court *shall* impose sanctions on the drafting party in accordance with Section 1281.99.

§ 1281.98(c) (emphasis added).

Under section 1281.99(a) the court *shall* impose a "monetary sanction against a drafting party that materially breaches an arbitration agreement pursuant to subdivision (a) of Section 1281.97 or subdivision (a) of Section 1281.98, by ordering the drafting party

1    to pay the reasonable expenses, including attorney's fees and costs, incurred by the

2    employee or consumer as a result of the material breach." The imposition of a monetary

3    sanction is mandatory, but the court may order additional sanctions "unless the court

4    finds that the one subject to sanction acted with substantial justification or that other

5    circumstances make the imposition of the sanction unjust." § 1281.99(b). Including in the

6    court's sanction authority, is "An order striking out the pleadings or parts of the

7    pleadings of the drafting party." § 1281.99 (1)(A).

8         Here, the parties litigated the issue of arbitration for two years, with multiple

9    rounds of briefing—all because GreenSky hoped to avoid liability for its unlawful

10    actions to the broader class. But arbitration provisions are not an affirmative defense to

11    liability, they are, rather, a defense to the forum where the claims are being heard. *See*

12    *Burri L., P. A. v. Byzantine Cath. Eparchy of Phoenix*, No. 8:18-CV2879-T-36JSS, 2019 WL

13    8918570, at *2 (M.D. Fla. June 19, 2019) (noting that arbitration provisions are "essentially

14    forum-selection clauses") Arbitration provisions are essentially forum-selection clauses,

15    and forum selection clauses can be waived. *Panhandle Irr., Inc. v. Coronado*, 21 F.3d 1115

16    (9th Cir. 1994) (noting that a defense based on improper forum can be waived). GreenSky

17    has no real interest in arbitrating Plaintiff Belyea's individual claims, GreenSky's out-of-

18    pocket cost for the arbitrator's fees would swamp the value of Belyea's individual claim.

19    Consistent with a finding of waiver, Plaintiff therefore respectfully request that the

20    Court strike GreenSky's affirmative defense of arbitration as to the proposed class. (ECF

21    102 at 17).

22         It is appropriate under these circumstances where GreenSky fought so ferociously

23    to get Plaintiff Belyea's claims out of court, just to ignore them once they were. Certainly,

24    striking GreenSky's affirmative defense as to the proposed class would be in keeping

25    with the spirit of the statutes, which are clearly designed to foster arbitration by

26    "providing targeted remedies *in aid* of arbitration." *Postmates Inc. v. 10,356 Individuals*,

27    2021 WL 540155, at *7-8 (C.D. Cal. Jan. 19, 2021). In fact, it would be relatively modest

28    compared to the other sanctions contemplated under the statute—including striking

GreenSky's pleadings in their entirety or rendering a judgment by default against GreenSky. § 1281.99(b)(2)(A)-(B).

Here GreenSky cannot show a substantial justification or that other circumstances would make the imposition of such sanctions unjust. GreenSky received the invoices, was reminded of its obligation to pay the fee, and did not. At best, it was an oversight, but a mistake is not a "substantial justification." And it would not be unjust to find that GreenSky waived its right to assert a defense to the forum as to the class after it vigorously asserted it as to the named plaintiff, and then abandoned it once it succeeded. Plaintiff Belyea therefore respectfully requests that this Court enter a sanctions order striking GreenSky's affirmative defense of arbitration as to the proposed class.

## <u>CONCLUSION</u>

For these reasons, Plaintiff Belyea respectfully requests that this Court set aside its April 20, 2022 order so that it may decide the issues that had been delegated to the arbitrator, and that this Court enter an order awarding monetary sanctions and striking GreenSky's affirmative defense of arbitration as to the proposed class, and/or any other relief contemplated by California law.

Dated: August 3, 2022                    Respectfully submitted,

**BELL LAW, LLC**

<u>/s/ Bryce Bell</u>

Bryce Bell (*pro hac vice*)
Mark W. Schmitz (*pro hac vice*)
Andrew R. Taylor (*pro hac vice*)
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
T: 816-886-8206
F: 816-817-8500
bryce@belllawkc.com
ms@belllawkc.com
at@belllawkc.com

Eric H. Gibbs
David Stein
Kyla J. Gibboney
Iudis Sominskaia
**GIBBS LAW GROUP LLP**

NOTICE OF MOT. & MOT. TO SET ASIDE JUDGMENT & FOR OTHER RELIEF
Case No. 20-cv-01693-JSC

1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com
kjg@classlawgroup.com
ids@classlawgroup.com

Victoria Nugent (*pro hac vice*)
Brian Johnson (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, N.W.
Suite 500 West
Washington, DC 20005-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
vnugent@cohenmilstein.com
bejohnson@cohenmilstein.com

Daniel T. LeBel
**CONSUMER LAW PRACTICE OF DANIEL T. LEBEL**
P.O. Box 720286
San Francisco, CA 94111
Telephone: (415) 513-1414
Facsimile: (877) 563-7848
danlebel@consumerlawpractice.com

*Counsel for Plaintiffs and the Proposed Class*

## ATTESTATION

I attest that for all conformed signatures indicated by an "/s/," the signatory has concurred in the filing of this document.

Dated: August 3, 2022                    Respectfully submitted,

                                         */s/ Iudis Sominskaia*
                                         Iudis Sominskaia