FISHERBROYLES, LLP
Barry Goheen (admitted *pro hac vice*)
Diem N. Kaelber [SBN # 329317]
21081 Canyon View Drive
Saratoga, CA 95070
Telephone: 408-898-3170
Facsimile: 866-414-5083
diem.kaelber@fisherbroyles.com

Attorneys for Defendants GreenSky, Inc.,
GreenSky of Georgia, LLC, and GreenSky, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH BELYEA,** <br> **individually and on behalf of all** <br> **others similarly situated,** ) <br> ) <br> ) <br> ) | |
| | **CASE NO. 3:20-cv-01693-JSC** |
| **Plaintiff,** ) <br> ) <br> ) | |
| **v.** ) <br> ) <br> } | **BRIEF OF DEFENDANTS** <br> **IN OPPOSITION TO** <br> **PLAINTIFFS' MOTION TO** |
| **GREENSKY, INC.,** ) <br> **a corporation,** ) <br> ) | **SET ASIDE JUDGMENT AND** <br> **FOR OTHER RELIEF** |
| **and** ) <br> ) | |
| **GREENSKY OF GEORGIA, LLC,** ) <br> **and GREENSKY, LLC,** ) <br> **limited liability companies, and** ) <br> **DOES 1-20,** ) <br> ) | **Date of Hearing: September 15, 2022** <br> **Time of Hearing: 9 a.m.** |
| **Defendants.** ) | |

Defendants (collectively, "GreenSky") submit their opposition to Plaintiff Belyea's motion to set aside judgment and/or for other relief (D.E. 176). Belyea's motion is completely without merit because the Court is without jurisdiction to entertain the motion and, even if it did have jurisdiction, it would only send the case back to the arbitrator pursuant to the delegation clause in the operative arbitration agreement. This baseless motion should be swiftly denied.

## **RELEVANT BACKGROUND**

## I.   THE COURT'S ARBITRATION ORDER

It is undisputed that Belyea's loan agreement contained an arbitration provision. As relevant to her current motion, Belyea's agreement contained a provision that delegates to the arbitrator the power to decide "any claim, dispute or controversy of every kind and nature, whether based in law or equity, between you and us arising from or relating to your Loan Agreement as well as the relationship resulting from such Agreement (the 'Agreement'), including the validity, enforceability or scope of this Arbitration Provision or the Agreement." (D.E. 5-1, ¶ 25.)

Belyea and the other Plaintiffs contested whether they had assented to arbitrate their claims against GreenSky. On January 5, 2022, after several rounds of briefing on the "agreement to arbitrate" issue, the Court issued an Order holding that "there are genuine disputes of material fact on whether an agreement to arbitrate was formed," meaning that "[a] trial is required to resolve the disputes." (D.E. 148 at 1.) Plaintiffs, however, did not want a "formation trial" and, therefore, asked the Court "to compel arbitration of the claims of Plaintiffs Lodge, Ferguson, and Belyea." (D.E. 153 at 2, 3.) Thus, on March 15, 2022, the Court entered an Order compelling arbitration as to Plaintiffs Belyea, Ferguson, and Lodge, holding that, as a result of the Order, "dismissal of [Plaintiffs'] claims is appropriate." (D.E. 159 at 1.) Next, those three Plaintiffs asked the Court to enter final judgment on their claims, apparently for appeal purposes. Accordingly, on April 20,

2022, the Court entered an order instructing the Clerk "to enter judgment in favor of GreenSky on Plaintiffs Belyea, Lodge, and Ferguson's claims." (D.E. 163 at 5.)

From that point, the four Plaintiffs splintered. The claims of Barnes, the sole "non-arbitration" Plaintiff, continue in this Court. (*Id.*) Lodge and GreenSky reached a settlement and filed the appropriate dismissal papers with the Court. (D.E. 175.) Alone among the "arbitration" Plaintiffs, Ferguson filed a notice of appeal to the Ninth Circuit seeking review of the Court's orders dated January 5, 2022, and March 15, 2022. (D.E. 165.)

## II.   BELYEA'S CURRENT MOTION

Belyea did not appeal the Court's arbitration orders and, instead, filed a demand for arbitration with JAMS. (D.E. 176-2 at 1-12.) As Belyea concedes, GreenSky quickly responded to that demand. (*Id.* at 12-27.) It also paid the fees requested by JAMS on August 4, 2022. Nevertheless, in this motion, Belyea claims that GreenSky has violated a California statute that purports to require the "drafting party" to pay "arbitration fees" within 30 days after the "due date," else the "drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel arbitration." Cal. Code Civ. P. § 1281.97(b)(1).

## <u>ARGUMENT</u>

## I.   HAVING ENTERED FINAL JUDGMENT AGAINST BELYEA, THE COURT HAS NO JURISDICTION TO ACT UPON BELYEA'S PRESENT MOTION.

The most basic reason Belyea's motion fails is that the Court does not have jurisdiction to consider it. This is the consequence of Plaintiffs' successful effort to obtain a final judgment on the Court's order compelling arbitration. Generally, an order compelling arbitration is merely interlocutory and, therefore, is not immediately appealable.  *See Langere v. Verizon Wireless Serv. LLC*, 983 F.3d 1115, 1122 (9th Cir. 2020) ("[N]o appeal as of right exists from an order compelling

arbitration until the arbitration has concluded."). For that reason, Plaintiffs asked the Court not simply to compel arbitration and stay their cases (thus retaining jurisdiction over them), because that would have prevented them from appealing the arbitration orders. Instead, they successfully requested that the Court enter final judgment on their claims, which would enable them immediately to appeal the arbitration orders. Ferguson appealed, an act that divested the Court of its jurisdiction over him. *See Miller v. Oliveira*, 2013 WL 3354465, *1 (N.D. Cal. July 2, 2013) (citing "the general rule that a district court is divested of jurisdiction upon appeal"). Belyea did not appeal, and instead affirmatively initiated arbitration before JAMS, expressly deciding to have her dispute resolved by an arbitrator. Thus, the arbitrator has exclusive jurisdiction over Belyea's claim against GreenSky, and the general rule of divestiture of jurisdiction after final judgment should apply equally in these circumstances. *See Philadelphia Elec. Co. v. Nuclear Elec. Ins. Ltd.*, 845 F. Supp. 1026, 1028 (S.D.N.Y. 1994) (in action where, as here, "the plaintiff seeks only an order compelling or staying arbitration," "a Court is divested of jurisdiction, because the order compelling arbitration in such circumstances is a final judgment").

In other words, Belyea cannot have it both ways. Having sought final judgment to pursue an immediate appeal (which co-Plaintiff Ferguson took advantage of), she must bear the consequence of that successful request, which is that the final judgment against her divested this Court of any jurisdiction over anything related to her claims, which includes her present motion.

## II.   IF THE COURT HAS JURISDICTION, IT MUST APPLY THE DELEGATION CLAUSE AND ALLOW THE ISSUES TO BE RESOLVED IN ARBITRATION.

Even if the Court were to hold that it has jurisdiction to entertain Belyea's Rule 60 motion, the Court should simply deny the motion because the specific issue in the motion – whether GreenSky breached the arbitration agreement or waived the right to arbitrate due to an allegedly

untimely payment of fees – is strictly reserved for the arbitrator. Indeed, Belyea's loan agreement expressly and broadly delegates to the arbitrator the power to decide "any claim, dispute or controversy of every kind and nature" between the parties, "including the validity, enforceability or scope of this Arbitration Provision or the Agreement." (D.E. 5-1 (Loan Agmt.), ¶ 25.) Indisputably, Belyea's motion challenges the continuing "validity" and/or "enforceability" of the arbitration agreement in its allegations that GreenSky violated § 1281.97.

### A. A Recent Ninth Circuit Ruling Is Squarely On Point and Held, Under Identical Circumstances, That the Arbitrator Must Resolve Questions of a § 1297 Breach.

Belyea fails to mention that, just ten months ago, the Ninth Circuit addressed this exact issue and held that a delegation provision requires that the arbitrator resolve any questions of alleged breaches of § 1281.97. In *Dekker v. Vivint Solar, Inc.*, 2021 WL 4958856, *1 (9th Cir. Oct. 26, 2021), the plaintiffs argued, as does Belyea here, that the defendant "failed to comply with this [§ 1281.97] requirement by making untimely payments to the arbitrator. As a result, Plaintiffs argue that Vivint breached the arbitration agreements, entitling Plaintiffs to withdraw from arbitration and seek vacatur of the arbitration order." Noting the delegation provision in the parties' arbitration agreement, the Ninth Circuit held:

> Regardless of the merits of Plaintiffs' statutory claim under § 1281.97, this dispute concerns whether there has been a "breach" of the arbitration agreements. Thus, Plaintiffs' § 1281.97 argument falls squarely within the scope of the delegation clause, and it should have been left to the arbitrator to decide.

*Id.* As does Belyea here (*see* D.E. 176, p.6), the *Dekker* plaintiff relied on *Sink v. Aden Enter., Inc.*, 352 F.3d 1197 (9th Cir. 2003), to support her argument. But the Ninth Circuit rejected the applicability of *Sink* in language that applies with equal force here:

> The district court's reliance on *Sink* was misplaced. In *Sink*, we upheld a district court's denial of a motion to compel arbitration. But, in that case, the company failed to pay its arbitration fees, and after the undisputed deadline for paying the fees lapsed, the employee sought and obtained an order of default from the

4

arbitrator. *Id.* at 1198–99. Only after the arbitrator entered default did the employee seek to lift the stay of the district court proceedings. *Id.* at 1199. *Sink* is inapplicable for two reasons. First, unlike in *Sink*, no arbitrator found Vivint in default of arbitration. Second, the parties in *Sink* did not expressly agree to delegate disputes concerning breach and default to the arbitrator. *Sink* thus does not alter the enforceability of the delegation clause between the parties here.

*Dekker*, 2021 WL 4958856, *1.

Here, as in *Dekker*, "no arbitrator has found [GreenSky] in default of arbitration" (because, as in that case, there was no "deadline for paying the fees") and the delegation clause expressly delegates questions of enforcement and arbitrability to the arbitrator. While *Dekker* is not binding because it was unreported, there is no reason to believe that the Ninth Circuit's reasoning in that case should not apply fully to the practically identical issues Belyea presents in her current motion.

### B. Courts in This District Have Ruled That Questions of Alleged Breach of § 1281.97 Must Be Resolved by the Arbitrator Where, as Here, There Is a Delegation Clause.

Moreover, two pre-*Dekker* decisions out of this District have held that questions of an alleged breach of § 1281.97 must be resolved by the arbitrator where, as here, there is a delegation clause. For example, in *Farmer v. Airbnb, Inc.*, 2021 WL 4942675, *1 (N.D. Cal. June 1, 2021), the arbitration agreement "delegated questions of arbitrability, including enforcement of the agreement, to the arbitrator," but the plaintiff "nonetheless contends that the Court should consider in the first instance whether Airbnb has complied with the requirements of Section 1281.98." The Court rejected that contention, holding that plaintiff "cites no authority for the proposition that a court should determine whether a party is in default for failing to timely pay fees where, as here, questions of arbitrability have been delegated to the arbitrator, and the arbitrator has not found the party to be in default or terminated the proceedings for nonpayment." *Id.*, *2.[1]

---

[1] The *Farmer* plaintiff, like Belyea here (*see* D.E. 176 at pp.4, 5), relied on *Agerkop v. Sisyphian LLC*, 2021 WL 1940456 (C.D. Cal. Apr. 13, 2021), but the Court held that it "does not find

The same result obtained in *Mesachi v. Postmates Inc.*, 2021 WL 736270 (N.D. Cal. Jan. 8, 2021), in which Judge Orrick held that plaintiff's argument that defendant waived its arbitration right by allegedly breaching § 1281.97 could only be addressed in arbitration, not by the Court. In so holding, the Court rejected the exact argument Belyea makes here – that GreenSky somehow "has waived its rights under the delegation clause." (D.E. 176, p.7.) As Judge Orrick held, the Supreme Court's ruling in *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010), completely forecloses such an argument:

> Mesachi's attempt at judicial resolution is foreclosed by *Rent-A-Center* . . .. Mesachi's arguments are all threshold questions about whether the arbitration agreement remains in force. Although *Rent-A-Center* concerned an unconscionability challenge, its reasoning appears to apply equally well to all gateway issues—such as those Mesachi raises—and Mesachi offers no principled reason for distinguishing it. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 527 (2019) (explaining that, under *Rent-A-Center*, the FAA "allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes").

*Mesachi*, 2021 WL 736270, *5. The Court added, in language equally applicable here:

> Mesachi resists this conclusion, but his arguments flip *Rent-A-Center* on its head. With respect to Section 1281.97(a), he argues that Postmates waived the right to compel arbitration entirely and that "waiver is not limited" to the basic agreement to arbitrate but includes the delegation provision. Oppo. 15. With respect to general contract law, he argues that his arguments "would invalidate the *entire* agreement to arbitrate, *including* the delegation clause." *Id.* 16 (emphasis added). These are precisely the type of challenges that *Rent-A-Center* rejected. Mesachi's attacks are not against only the delegation provision specifically, they are against the arbitration agreement as a whole. "[U]nless [Mesachi] challenged the delegation provision specifically, [I] must treat it as valid under § 2, and must enforce it under §§ 3 and 4, leaving any challenge to ... the Agreement as a whole for the arbitrator." *Rent-A-Center*, 561 U.S. at 72. "Application of the severability rule does not depend on the substance of the remainder of the contract," including when it is an agreement to arbitrate. *Id.*

---

*Agerkop* persuasive" because "it cited no authority for this holding"; thus, Judge Tigar held, "the Court declines to apply it here." *Farmer*, 2021 WL 4942675, *2. Moreover, *Agerkop* predated the Ninth Circuit's ruling in *Dekker*, which held the exact opposite. *Agerkop* has no relevance here.

BR. OF DEF. IN OPP'N TO PL. MOT. TO SET ASIDE JUDGMENT & FOR OTHER RELIEF
Case No. 20-cv-01693-JSC

1
2
*Id.*  The argument Judge Orrick rejected in *Mesachi* is precisely what Belyea argues here, i.e.,
3
"GreenSky's failure to pay its share of the arbitration fees within 30 days is a material breach of
4
the delegation clause." (D.E. 176, p.9.) That argument, as the Court held, "flip[s] *Rent-A-Center*
5
on its head." Belyea cites no case to support her argument, while *Mersachi* is directly on point.

6
    In short, two cases from this Court and one from the Ninth Circuit (none of which Belyea
7
cited in her motion) have held that arguments as to the continuing validity of an arbitration
8
agreement based on a defendant's alleged violation of § 1281.97 must be resolved by the arbitrator
9
where, as here, there is a delegation provision. There is no reason for this Court to deviate from
10
these uniform, squarely-on-point holdings.

11

12  **III.   THE STATUTES AT ISSUE DO NOT APPLY RETROACTIVELY.**

13
    It is undisputed, as alleged in the Complaint, that Belyea obtained her GreenSky-serviced
14
loan in July 2019 and paid off the loan in its entirety on November 19, 2019. (D.E. 95 (2d Am.
15
Compl.), ¶¶ 75, 81.) Likewise, it is undisputed that §§ 1281.97-99 were not effective until January
16
1, 2020 – *after* the application, loan, and payoff of Belyea's loan had occurred. *See* Cal. Code Civ.
17
P. §§ 1281.97-99 ("Added by Stats. 2019, c. 870 (S.B.707), § 4, eff. Jan. 1, 2020.").
18

19
    Stated succinctly, §§ 1281.97-99 do not apply retroactively, as two decisions from this
20
District have held. First, in *Abernathy v. DoorDash, Inc.*, 438 F. Supp. 3d 1062 (N.D. Cal. 2020),
21
Judge Alsup held that a "retrospective operation will not be given to a statute which interferes with
22
antecedent rights ... unless such be the unequivocal and inflexible import of the terms, and the
23
manifest intention of the legislature." *Id.* at 1066 (quoting *U.S. v. Sec. Ind. Bank*, 459 U.S. 70, 78-
24
79 (1982) (additional quotations omitted)). The Court concluded that §§ 1281.97-99 "do[] not
25
apply retroactively and here, the events at issue all occurred prior to the enactment of the bill." *Id.*
26
27
    Judge Davila held likewise in *Goobich v. Excelligence Learning Corp.*, 482 F. Supp. 3d
28

7
BR. OF DEF. IN OPP'N TO PL. MOT. TO SET ASIDE JUDGMENT & FOR OTHER RELIEF
Case No. 20-cv-01693-JSC

986 (N.D. Cal. 2020). Referring to §§ 1281.97-99 as the "Statutes," the Court held:

> . . . the Statutes in the present case do not in any way indicate that they were intended to clarify existing law. There is nothing in the text of the Statutes themselves, and Plaintiff has not presented any evidence from the legislative history suggesting that the Statutes were intended to apply retroactively. Plaintiff points to case law that suggests that the failure to pay arbitration filing fees constituted a material breach before the Statutes were enacted. While it may be true that the failure to pay filing fees had already been found by some courts to be a material breach of an arbitration provision, Plaintiff points to no case predating the Statutes where terminating sanctions and attorneys' fees were imposed upon the breaching party as a result. Because there is no indication that the Statutes declared existing law, nor that the legislature intended them to do so, the Court finds that the Statutes may not be applied retroactively on those grounds.

*Id.* at 991-92. The Court added that "the Statutes at issue in this case are neither purely procedural nor remedial. The Statutes specifically increase the liability that Defendant faces for failing to pay arbitration fees by categorically declaring that failure to be a material breach of contract. . . . [R]etroactive application would impermissibly subject Defendant to increased liability for its past conduct." *Id.* at 993.

That, unlike with Belyea, *Abernathy* and *Goobich* concerned arbitration demands made before, not after, the 2020 effective date of §§ 1281.97-99 is a distinction without a difference. Belyea's contract that contained the arbitration agreement was formed, performed, and concluded before the January 1, 2020 effective date of the statutes. The fact that Belyea demanded arbitration after the effective date based on conduct that wholly occurred before the effective date does not alter the "traditional presumption against the retroactive application of legislation." *Id.* at 990 (quoting *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 (9th Cir. 2007) (citing, in turn, *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994)); *see, e.g.*, *Mass. Mut. Life Ins. Co. v. Curley*, 459 Fed. Appx. 101, 106 (3d Cir. 2012) (rejecting retroactive application where "[t]he contract in question was formed in 1991, before the statute went into effect, and the Statute does not apply

retroactively"); *Chudner v. TransUnion Interactive, Inc.*, 626 F. Supp. 2d 1084, 1092 (D. Or. 2009) (refusing to apply new state statute "against consumer contract forum selection clauses and apply it retroactively to cover a contract entered into prior to the date the statute became effective").

In short, the relationship between GreenSky and Belyea ceased when she made the final payment on her loan in November 2019, before the January 1, 2020 effective date of the statutes that she, in 2022, claims GreenSky has breached.[2] But those statutes do not apply retroactively, as two judges in this District have held. This Court should follow those rulings here, and the result is that Belyea's motion should be denied.

## IV.   BELYEA'S MOTION FAILS ON ITS MERITS.

There is no reason for the Court to address the merits of Belyea's motion, as any of the three issues detailed above resolve the motion in this Court without the necessity of assessing the substance of the motion. Nevertheless, GreenSky briefly notes Belyea's motion lacks any merit.[3]

Primarily, the FAA plainly preempts §§ 1281.97-99, which are the latest examples in a long line of California laws that are expressly hostile to arbitration. The Supreme Court has held that prior California hostile-to-arbitration statutes are preempted. *See Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1417-18 (2019) (California rule interpreting ambiguities against drafters of arbitration agreement held preempted); *AT&T Mobility v. Concepcion*, 563 U.S. 333, 337-38, 352 (2011) (California rule declaring class-action waivers in arbitration agreements unconscionable held preempted); *Preston v. Ferrer*, 552 U.S. 346, 351-52, 362–63 (2008) (California law requiring

---

[2] *See INS v. St. Cyr*, 533 U.S. 289, 317 (2001) ("[A] statement that a statute will become effective on a certain date does not even arguably suggest that it has any application to conduct that occurred at an earlier date.") (quotations omitted); *see also Ledezma-Galicia v. Holder*, 636 F.3d 1075 (9th Cir. 2010) (quoting *St. Cyr*).

[3] Most dubiously, Belyea asks the Court to strike GreenSky's arbitration defense. (D.E. 176 at 9-10.) Belyea has made no such motion and cites no case where a court imposed such a sanction.

BR. OF DEF. IN OPP'N TO PL. MOT. TO SET ASIDE JUDGMENT & FOR OTHER RELIEF
Case No. 20-cv-01693-JSC

parties to exhaust administrative remedies before arbitration held preempted); *Perry v. Thomas*, 482 U.S. 483, 491 (1987) (California law requiring judicial forum for wage dispute held preempted). Indeed, the Supreme Court once again reversed a California law on this basis just two months ago in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022), which concerned a California law that invalidates contractual waivers of the right to assert representative claims under California's Labor Code Private Attorneys General Act. The Court confirmed that a court "may invalidate an arbitration agreement based on 'generally applicable contract defenses' like fraud or unconscionability, but *not on legal rules that 'apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue*.'" 142 S. Ct. at 1917 (quoting *Kindred Nursing Ctrs. L.P. v. Clark*, 581 U.S. 246, 251 (2017) (emphasis added). Yet, that is exactly what §§ 1281.97-99 are designed to accomplish – they are "legal rules" that "apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." In fact, they go further than that by singling out the *drafters* of such agreements (as opposed to all parties to an arbitration agreement). Clearly, the FAA preempts §§ 1281.97-99.

Finally, if Belyea presses this dubious motion before the arbitrator, GreenSky will show that it was in active communication with JAMS concerning a credit to GreenSky from another arbitration between the same counsel that arose from the *Wright* matter in the Southern District of Florida (the credit having been created when that arbitration settled), which GreenSky sought to apply to cover its fees in the Belyea matter. GreenSky is confident the arbitrator will excuse any perceived untimeliness under the facts that will be presented.

## CONCLUSION

GreenSky respectfully requests that the Court deny Belyea's motion.

BR. OF DEF. IN OPP'N TO PL. MOT. TO SET ASIDE JUDGMENT & FOR OTHER RELIEF
Case No. 20-cv-01693-JSC

DATED:        August 17, 2022.


                                            /s/*Diem Kaelber*_____
                                            Diem N. Kaelber [SBN # 329317]
                                            Barry Goheen (admitted *pro hac vice*)

                                            Attorneys for Defendants GreenSky,
                                            Inc., GreenSky of Georgia, LLC, and
                                            GreenSky, LLC

                                            FISHERBROYLES, LLP
                                            21081 Canyon View Drive
                                            Saratoga, CA 95070
                                            Telephone: 408-898-3170
                                            Facsimile: 866-414-5083
                                            diem.kaelber@fisherbroyles.com



                        **<u>CERTIFICATE OF SERVICE</u>**

        The undersigned hereby certifies that on August 17, 2022, a copy of the foregoing was

served upon counsel of record in this action via the CM/ECF system.

                                    By: /s/*Diem Kaelber*

BR. OF DEF. IN OPP'N TO PL. MOT. TO SET ASIDE JUDGMENT & FOR OTHER RELIEF
Case No. 20-cv-01693-JSC