Eric H. Gibbs (Bar No. 178658)
David Stein (Bar No. 257465)
Andre M. Mura (Bar No. 298541)
Kyla J. Gibboney (Bar No. 301441)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com
amm@classlawgroup.com
kjg@classlawgroup.com

Bryce Bell (*pro hac vice*)
Mark W. Schmitz (*pro hac vice*)
Andrew Taylor (*pro hac vice*)
**BELL LAW, LLC**
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
T: 816-886-8206
F: 816-817-8500
bryce@belllawkc.com
ms@belllawkc.com
at@belllawkc.com

*Counsel for Plaintiffs and the Proposed Class*

[additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BELYEA, *et al.*, | Case No: 3:20-cv-01693-JSC |
| Plaintiffs, | **REPLY BRIEF OF PLAINTIFFS ON MOTION TO SET ASIDE JUDGMENT AND FOR OTHER RELIEF** |
| vs. | |
| GREENSKY, INC., *et al.*, | Date of hearing: September 15, 2022 |
| Defendants. | Time of hearing: 9 a.m. |

**TABLE OF CONTENTS**

Page

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................ 1

I.    This Court Retains Jurisdiction Over Post-Judgment Motions Pursuant To Federal Rule Of Civil Procedure 60(B)(6). ................................................................... 1

II.   Whether Greensky is in material breach of the delegation clause, and waived its right to have threshold issues heard by the arbitrator, is not delegated to the arbitrator ........................................................................................................... 3

      A.    The delegation clause in the GreenSky contract does not clearly and unmistakably delegate issues of material breach and waiver to the arbitrator. ................................................................................................. 4

      B.    Plaintiff Belyea challenges the delegation clause directly and therefore the challenge is properly before this Court. ......................................... 6

III.  The court is not being asked to enforce §§ 1281.97 and 1281.98 to Greensky retroactively ................................................................................................................. 9

IV.  Belyea's Motion Does Not Fail On Its Merits. ............................................................ 10

      A.    Sections 1281.97 and 1281.98 are not preempted by the FAA because they facilitate arbitration ........................................................................ 10

      B.    GreenSky's argument that the arbitrator will excuse its failure to comply with California law is not supported in fact or law ............................. 11

CONCLUSION ...................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abernathy v. DoorDash, Inc.*,
    438 F. Supp. 3d 1062 (N.D. Cal. 2020) .................................................................................. 9

*Agerkop v. Sisyphian LLC*,
    2021 WL 1940456 (C.D. Cal. Apr. 13, 2021).........................................................................11

*Aguilar v. Carter's Inc.*,
    501 F. Supp. 3d 1030 (E.D. Wash. 2020) ............................................................................... 3

*Anderson v. Starbucks Corp.*,
    2022 WL 797014 (N.D. Cal. Mar. 16, 2022)......................................................................... 6

*Arabian Gas & Oil Dev. Co. v. Wisdom Marines Lines, S.A.*,
    2017 WL 2378060 (N.D. Cal. June 1, 2017) ........................................................................ 1

*Matter of Arb. Between Chung and President Enters. Corp.*,
    943 F.2d 225 (2d Cir.1991) ................................................................................................2, 3

*Armstrong v. Michaels Stores, Inc.*,
    2018 WL 6505997 (N.D. Cal. Dec. 11, 2018) ..................................................................4, 5

*Bielski v. Coinbase, Inc.*,
    2022 WL 1062049 (N.D. Cal. Apr. 8, 2022) ......................................................................... 8

*Caremark, LLC v. Chickasaw Nation*,
    2022 WL 3206683 (Aug. 9, 2022 9th Cir.)............................................................................. 7

*Daniels v. Securitas Sec. Sers. USA, Inc.*,
    2021 WL 2322938 (C.D. Cal. May 27, 2021)...................................................................3, 12

*Dekker v. Vivint Solar, Inc.*,
    2021 WL 4958856 (9th Cir. Oct. 26, 2021) ........................................................................... 5

*Dekker v. Vivint Solar Inc.*,
    479 F.Supp.3d 834 (N.D. Cal. 2020) (rev'd on other grounds) .......................................11

*Espada v. Guardian Serv. Indus.*,
    2019 WL 5309963 (E.D.N.Y. Oct. 18, 2019)........................................................................ 7

*Express Scripts. Inc. v. Aegon Direct Mktg. Servs., Inc.*,
    516 F.3d 695 (8th Cir. 2008) ................................................................................................10

Reply Brief of Plaintiffs on Motion to Set Aside Judgement and for Other Relief
Case No. 20-cv-01693-JSC

*Farmer v. Airbnb, Inc.*,
  2021 WL 4942675 (N.D. Cal. June 1, 2021) ................................................................. 5, 10

*Gallo v. Wood Ranch USA, Inc.*,
  81 Cal.App.5th 621, 2022 WL 2913128 (Cal. Ct. App. July 25, 2022) ................... 1, 10, 11

*Giddings v. Media Lodge, Inc.*,
  320 F.Supp.3d 1064 (D.S.D. 2018) ................................................................................... 7

*Goobich v. Excelligence Learning Corp.*,
  482 F. Supp. 3d 986 (N.D. Cal. 2020) ............................................................................... 9

*LeBlanc v. Halliburton Energy Services, Inc.*,
  446 F.Supp.3d 879 (D.N.M. 2020) .................................................................................... 5

*Lim v. Tforce Logistics LLC*,
  992 (9th Cir. 2021) ........................................................................................................... 8

*Martin v. Yasuda*,
  829 F.3d 1118 (9th Cir. 2016) .................................................................................. 4, 5, 6

*Mesachi v. Postmates Inc.*,
  2021 WL 736270 (N.D. Cal. Jan. 8, 2021) .............................................................. 5, 6, 7

*Miller v. Oliveira*,
  2013 WL 3354465 (N.D. Cal. July 2, 2013) .................................................................... 2

*Philadelphia Electric Co. v. Nuclear Electric Insurance Ltd.*,
  845 F.Supp. 1026, 1028 (S.D.N.Y. 1994) ......................................................................... 2

*Postmates, Inc. v. 10,356 Individuals*,
  2021 WL 540155 (C.D. Cal. Jan. 19, 2021) .................................................................... 15

*Rent-A-Ctr., W., Inc. v. Jackson*,
  561 U.S. 63 (2010) ........................................................................................................ 7, 8

*Schwendeman v. Health Carousel, LLC*,
  2019 WL 6173163 (N.D. Cal. Nov. 20, 2019) .................................................................. 9

*Sink v. Aden Enters., Inc.*,
  352 F.3d 1197 (9th Cir. 2003) .......................................................................................... 5

*Smith v. HOVENSA, LLC*,
  74 V.I. 57 (V.I. Super. Ct. 2021) ....................................................................................... 7

*Viking River Cruises, Inc. v. Moriana*,
  142 S. Ct. 1906 (2022) .................................................................................................... 14

*Ward v. Crow Vote LLC*,
    2021 WL 5927803 (C.D. Cal. Oct. 7, 2021) ........................................................................11

*Ytech 180 Units Miami Beach Invs. LLC v. Certain Underwriters at Lloyd's, London*,
    359 F. Supp. 3d 1253 (S.D. Fla. 2019) ..............................................................................10

**STATUTES AND RULES**

Cal. Code Civ. Pro. § 1281.97-99................................................................................*passim*

Federal Rule of Civil Procedure 60(b)(6) ..................................................................*passim*

Federal Rule of Civil Procedure 62.1(a) ................................................................................ 2

**INTRODUCTION**

GreenSky's opposition to Plaintiff Belyea's motion makes a barrage of arguments, none addressing the true merits: that GreenSky failed to timely pay its fee in violation of §§ 1281.97 and 1281.98 and waived its rights under the delegation clause. Instead, GreenSky primarily argues that this Court is barred from hearing the merits. According to GreenSky, only the arbitrator has jurisdiction, and the question of GreenSky's waiver of its rights under the delegation clause has itself been delegated to the arbitrator. But GreenSky's opposition misapplies the law. If GreenSky were correct, it would lead to an absurd result: a defendant refuses to pay its arbitration fee, the plaintiff argues to the court the defendant is in breach, the court orders the delegated issue of breach to arbitration, the defendant again refuses to pay the fee, and around it goes. This type of procedural purgatory is precisely what the California legislature was trying to prevent in passing these laws. *Gallo v. Wood Ranch USA, Inc.*, 81 Cal.App.5th 621, 2022 WL 2913128, at *4 (Cal. Ct. App. July 25, 2022).[1] GreenSky's other arguments, that the laws cannot be applied retroactively and that the statutes are preempted by the FAA, for simply *applying* to arbitration provisions, are also unfounded. GreenSky's actions postdate the enactment of the statutes, and, in fact, the laws facilitate arbitration, as explained below, and therefore are not preempted by the FAA.

**ARGUMENT**

**I.   This Court retains jurisdiction over post-judgment motions pursuant to Federal Rule of Civil Procedure 60(b)(6).**

GreenSky contends that this Court lacks jurisdiction to hear the present motion. GreenSky is mistaken. It is "well-established that courts retain jurisdiction over post-judgment matters such as … post-judgment motions" under Rule 60—like the instant motion. *Arabian Gas & Oil Dev. Co. v. Wisdom Marines Lines, S.A.*, 2017 WL 2378060, at *1, n.1 (N.D. Cal. June 1, 2017). GreenSky argues, somewhat clumsily, that an entry of final

---

[1] This case has been certified for publication and therefore is permissible to cite under the California Rules of Court Rule 8.1115(a).

1

judgment, combined with an order compelling arbitration, robs this Court of jurisdiction based on a "general rule of divestiture." (ECF No. 178 at 3). GreenSky cites no authority to support the existence of such a rule, or that an entry of judgment, combined with an order to arbitrate, alters the Court's jurisdiction over post-judgment motions under Rule 60. Certainly, the cases cited by GreenSky do not support that position.

GreenSky starts by stating the general (but inapplicable) rule that a Court loses jurisdiction over a judgment after an appeal is filed, citing *Miller v. Oliveira*, 2013 WL 3354465, at *1 (N.D. Cal. July 2, 2013). But *Miller* is easily distinguishable. In *Miller* it was the same plaintiff who sought relief from the judgment that filed the appeal. *Id.* Here, Belyea did not join in the appeal of the Court's entry of final judgment—which GreenSky acknowledges. (ECF No. 178 at 3). Even after recognizing the general rule, the *Miller* court heard the plaintiff's motion anyway, noting that there was an exception to the rule that permitted courts to hear a motion under Rule 60(b) even where an appeal had been filed. *Miller*, 2013 WL 3354465, at 2 (citing Federal Rule of Civil Procedure 62.1(a)). Here, the Court need not invoke such an exception, because, as GreenSky acknowledges, the only plaintiff who appealed, and over whom the Court lost jurisdiction, was Ferguson. (ECF No. 178 at 3).

GreenSky goes on, arguing that because Belyea chose to arbitrate her claims—rather than appeal—the Court loses all its jurisdiction to the arbitrator based on a "general rule of divestiture" borrowed from the rule on appeals. *Id*. But GreenSky has no authority to support an application of a "general rule of divestiture" where arbitration is ordered. The case GreenSky cites, *Philadelphia Electric Co. v. Nuclear Electric Insurance Ltd.*, actually counsels against such a rule, particularly under the facts here. 845 F.Supp. 1026, 1028 (S.D.N.Y. 1994). In quoting *Philadelphia Electric*, GreenSky leaves out key language in that case differentiating between cases where a party seeks an order compelling arbitration in an "independent action" from cases where such relief is requested in an "embedded action". *Id.* (citing *Matter of Arb. Between Chung and President Enters. Corp.*, 943 F.2d 225, 228 (2d Cir.1991)). Although a court loses jurisdiction after entering an order to compel arbitration in an "independent action," where the sole issue before the court is arbitration, "courts retain jurisdiction over the parties to an embedded proceeding while they arbitrate a discrete portion of their

2

dispute…." *Matter of Arb. Between Chung*, 943 F.2d at 228. This case is not an "independent action" where GreenSky filed a separate action seeking to compel arbitration, the arbitration issue is embedded with the rest of Plaintiff Belyea's claims. As such, the Court's order compelling arbitration does not rob it of jurisdiction.

If, as GreenSky suggests, the Court lost jurisdiction after compelling arbitration, jurisdiction is restored by statute. The statutory language is clear, if the drafting party fails to pay the required fees to allow the arbitration to proceed within 30 days, the consumer may "[w]ithdraw the claim from arbitration and proceed in a court of appropriate jurisdiction." Cal. Code Civ. Pro. § 1281.97(b)(1); *Daniels v. Securitas Sec. Sers. USA, Inc.*, 2021 WL 2322938 at *2 (C.D. Cal. May 27, 2021). If this Court lacks jurisdiction, then Belyea's statutory remedy would be to file a new independent action seeking a declaratory judgment against GreenSky, which, if successful, would simply lead Belyea right back to this Court. Such an outcome would be "procedurally bizarre" and a waste of judicial resources. *See Aguilar v. Carter's Inc.*, 501 F. Supp. 3d 1030, 1032 (E.D. Wash. 2020) (finding it would be "procedurally bizarre" to require a plaintiff to file a new complaint, rather than setting aside a dismissal compelling arbitration under Fed. R. Civ. P. 60(b), after the arbitrator held the arbitration provision did not cover the claims at issue). Instead, the law supports the conclusion that this Court retains jurisdiction under Rule 60(b) and can hear Plaintiff Belyea's request for relief.

II. **Whether Greensky is in material breach of the delegation clause, and waived its right to have threshold issues heard by the arbitrator, is not delegated to the arbitrator.**

GreenSky next argues that, even if the Court has jurisdiction, it cannot hear the issue of whether GreenSky has breached the delegation clause because questions of breach and waiver have been delegated to the arbitrator. (ECF No. 178 at 3). GreenSky's argument fails for two reasons here. First, questions of material breach (resulting in waiver) have not been clearly and unmistakably delegated to the arbitrator—which distinguishes this case from *Dekker*. Second, the question here is whether, in failing to pay its fee, GreenSky waived its right *under the delegation clause*--to have threshold issues of validity and scope determined by

an arbitrator—*not* the entire arbitration agreement.

### A. The delegation clause in the GreenSky contract does not clearly and unmistakably delegate issues of material breach and waiver to the arbitrator.

It is well established that threshold issues of arbitrability, such as scope, validity, and enforceability, are generally for the court to decide unless the parties have "clearly and unmistakably" delegated a "particular dispute to arbitration." *Martin v. Yasuda*, 829 F.3d 1118, 1123 (9th Cir. 2016) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)). However, the "clear and unmistakable standard is a high bar, and in the face of ambiguity, courts should be reluctant to find delegation to the arbitrator." *Armstrong v. Michaels Stores, Inc.*, 2018 WL 6505997, at *8 (N.D. Cal. Dec. 11, 2018) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 945 (1995)).

Under Sections 1281.97 and 1281.98, GreenSky's failure to pay raises issues of "material breach" of the delegation clause, "default" of the arbitration, and "waiver" of GreenSky's rights to have threshold issues heard by an arbitrator. None of these issues are clearly and unmistakably delegated to the arbitrator here: the delegation clause is limited to "the validity, enforceability or scope" of the arbitration provision. (ECF No. 176-2). This is not sufficiently explicit to delegate questions of material breach, default, and waiver of the delegation clause to the arbitrator.

The Ninth Circuit rejected a nearly identical argument in *Martin v. Yasuda*. 829 F.3d 1118 (9th Cir. 2016). In *Martin*, like here, the delegation clause delegated issues of "scope" and "enforceability" to the arbitrator. *Id.* at 1124. The defendant argued that waiver—thereby litigation conduct—had therefore been delegated to an arbitrator. *Id.* But the Ninth Circuit rejected that argument and held that the "scope" and "enforceability" language in the delegation clause was not sufficiently clear and unmistakable "to show an intent that an arbitrator decide the waiver" issue. *Id.* The *Martin* court also noted that even broader language delegating "[a]ny controversy … involving the construction or application" of the arbitration agreement would not have been sufficiently clear to delegate the question of

waiver. *Id.* Following *Martin*, courts in this district have gone so far as to hold a delegation clause that read "any claim that all or any part of this Agreement is void or voidable and pertaining to any waiver" was not sufficiently clear and unmistakable to delegate questions of waiver. *Armstrong.*, 2018 WL 6505997 at *8. Even though the question here is waiver under state contract law, rather than litigation conduct, the outcome should be the same. The delegation clause at issue here is limited to validity, enforceability and scope, and, like in *Martin*, is not sufficiently clear and unmistakable as to delegate questions of breach, default, and waiver, a matter of state contract law. *See also LeBlanc v. Halliburton Energy Services, Inc.*, 446 F.Supp.3d 879, 884 (D.N.M. 2020) (finding delegation of scope, enforceability, and validity did not clearly and unmistakably delegate the issue of waiver to the arbitrator).

The *Dekker v. Vivint Solar, Inc.* case which GreenSky relies on does not require otherwise, as unpublished cases do not establish binding precedent. 2021 WL 4958856 (9th Cir. Oct. 26, 2021). The facts presented in *Dekker* are very different than the facts presented here. In that case, the delegation clause clearly and unmistakably "delegated issues of 'breach, default, or termination'" of contract obligations to the arbitrator. *Id.* at 1.[2] But here questions of breach, default, and waiver have not been clearly and unmistakably delegated to the arbitrator. (ECF No. 176-2).

Contrary to GreenSky's argument, the *Dekker* court's decision not to apply *Sink*, where the Ninth Circuit upheld a lower's court's denial of a motion to compel arbitration for failure to pay fees, does not help GreenSky. *Sink v. Aden Enters., Inc.*, 352 F.3d 1197, 1199 (9th Cir. 2003). In deciding not to apply the rule from *Sink*, the *Dekker* court distinguished *Sink* because the delegation clause did not "expressly agree to delegate disputes concerning breach and default to the arbitrator." *Dekker*, 2021 WL 4958856 at 1.

The two unreported, district court opinions relied on by GreenSky are inapt. *See Farmer v. Airbnb, Inc.*, 2021 WL 4942675 (N.D. Cal. June 1, 2021); *Mesachi v. Postmates Inc.*, 2021 WL 736270 (N.D. Cal. Jan. 8, 2021). Neither case grappled with *Martin* and the question of

---

[2] Waiver was not addressed in *Dekkers*, but since the issue of waiver is tied to the same questions of "material breach" and "default" under the statutes, had the *Dekker* court considered waiver it may have reached the same conclusion.

5

whether or not waiver or breach had been clearly and unmistakably delegated to the arbitrator; both cases simply found that delegating questions of arbitrability was sufficient to cover the issues raised under sections 1281.97 and 1281.98. *Farmer*, 2021 WL 4942675 at 1-2; *Mesachi*, 2021 WL 736270 at 4. But that conclusion does not comport with *Martin*, nor is it consistent with *Dekker* which came later. Had simply delegating arbitrability been sufficient, the *Dekker* court would not have needed to refer to the fact that issues of "breach" and "default" had been *specifically* delegated to the arbitrator, nor would it have needed to distinguish *Sink* for the lack thereof.

Ninth Circuit law is clear, "[w]aiver is to be decided by the court, absent an express delegation of authority to the arbitrator to decide the issue of waiver." *Schwendeman v. Health Carousel, LLC*, 2019 WL 6173163, at *4 (N.D. Cal. Nov. 20, 2019).[3] Here, no such authority has been delegated to the arbitrator by the delegation clause.

### B. Plaintiff Belyea challenges the delegation clause directly and therefore the challenge is properly before this Court.

Even if questions of breach, default, and waiver were delegated, the question presented to the Court here, is whether GreenSky waived its rights *under the delegation clause* to have threshold issues of arbitrability heard by the arbitrator (which would include breach, default, and waiver)—*not* whether it waived its rights under the entire arbitration agreement. Plaintiff Belyea is specifically challenging the delegation clause based on GreenSky's failure to pay its fees when the *delegated issues* were before the arbitrator. ECF No. 176 at 7-9). GreenSky ignores this distinction. None of the plaintiffs in the cases cited by GreenSky— *Dekker, Farmer,* or *Mesachi*—directed their arguments at the delegation clause specifically. In *Mesachi* the court noted that the plaintiff's challenge was to "'the entire agreement to arbitrate, *including* the delegation clause'" rather than specifically to the delegation clause. *Mesachi*, 2021 WL 736270, at *5 (quoting the plaintiffs' opposition).

---

[3] *Anderson v. Starbucks Corp.*, 2022 WL 797014, at *3 (N.D. Cal. Mar. 16, 2022) (delegation clause "did not expressly delegate the question of waiver" and was for the court to decide.)

This is a key distinction because delegation clauses are severable from the broader arbitration agreement and are "essentially a mini-arbitration agreement, nested within a larger one." *Caremark, LLC v. Chickasaw Nation*, 2022 WL 3206683 at *6 (Aug. 9, 2022 9th Cir.) And "just as the right to compel arbitration can be waived, … the right to enforce the delegation clause can also be waived." *Smith v. HOVENSA, LLC*, 74 V.I. 57, 63-64 (V.I. Super. Ct. 2021).[4] Since Plaintiff Belyea is directly arguing waiver of the delegation clause as a separate agreement, the "[C]ourt must … resolve [the] challenge directed specifically to the enforceability of the delegation clause…." *Caremark*, 2022 WL 3206683 at *7. It could not be otherwise because the delegation clause was the sole basis for the arbitration.

As outlined more fully in the opening brief, Plaintiff Belyea presented *only* the threshold issues of arbitrability under the delegation clause—in particular the validity and scope of the arbitration provision—to the arbitrator. (ECF No. 176 at 8). Plaintiff did not raise her substantive legal claims. The entire arbitration provision was therefore not before the arbitrator, but rather only the separate, "mini-arbitration agreement," the delegation clause. And for that reason, Plaintiff Belyea's arguments under sections 1281.97 and 1281.98 are directed specifically to the delegation clause. (ECF No. 176 at 8). As an arbitration agreement in its own right, and subject to contract defenses under the FAA, the delegation clause is itself subject to the requirements of sections 1281.97 and 1281.98.

Contrary to GreenSky's assertions, this interpretation does not flip *Rent-A-Center* on its head. *Rent-A-Center* only requires that a challenge to the delegation clause be made specifically to that delegation clause. *Rent-A-Center* does not require challenges directed at the delegation clause to be unique from those that could apply to the arbitration provision:

---

[4] *Ytech 180 Units Miami Beach Invs. LLC v. Certain Underwriters at Lloyd's, London*, 359 F. Supp. 3d 1253, 1264 (S.D. Fla. 2019) ("When the defendant does not properly raise the delegation clause and the plaintiff suffers prejudice as a result, the defendant has waived the delegation clause and the court must determine whether the arbitration agreement is enforceable."); *Espada v. Guardian Serv. Indus.*, 2019 WL 5309963, at *7 (E.D.N.Y. Oct. 18, 2019) ("Guardian waived enforcement of the CBA's delegation clause when it asked the Court, in its opening papers, to rule directly on the 'reserved question' by holding that Plaintiff's underlying claims are arbitrable."); *Express Scripts. Inc. v. Aegon Direct Mktg. Servs., Inc.*, 516 F.3d 695, 701-702 (8th Cir. 2008) (finding waiver of delegation clause where defendant first raised it at oral argument on appeal); *Giddings v. Media Lodge, Inc.*, 320 F.Supp.3d 1064, 1071 (D.S.D. 2018) (finding waiver of delegation clause when not raised in motion to compel arbitration).

to the contrary, as the Court noted: "In some cases the claimed basis of invalidity for the contract as a whole will be much easier to establish *than the same basis* as applied only to the severable agreement to arbitrate." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 71 (2010) (emphasis added). Here, the severable agreement is the delegation clause. The Court went on, "where the alleged fraud that induced the whole contract *equally induced* the agreement to arbitrate which was part of that contract—we nonetheless require the basis of challenge to be directed specifically to the agreement to arbitrate before the court will intervene." *Id.* Based on this language, district courts have read *Rent-A-Center* to permit a challenge to the delegation clause that would also apply to the arbitration agreement—so long as the argument is directed at the delegation clause specifically. *Bielski v. Coinbase, Inc.*, 2022 WL 1062049, at *6 (N.D. Cal. Apr. 8, 2022) (noting that a delegation clause "may be unenforceable for the same reason as the broader arbitration agreement") (quoting *Brice v. Haynes Invs., LLC*, 13 F.4th 823, 827 (9th Cir. 2021), reh'g en banc granted, opinion vacated sub nom. *Brice v. Plain Green*, LLC, 35 F.4th 1219 (9th Cir. 2022)); *Ward v. Crow Vote LLC*, 2021 WL 5927803, at *4 (C.D. Cal. Oct. 7, 2021) (same). The point is that the challenge must *apply* directly to the delegation clause.

The Ninth Circuit's holding in *Lim v. TForce Logistics, LLC* is instructive in this regard. 8 F.4th 992 (9th Cir. 2021). In *Lim* the lower court ruled that a delegation clause was unenforceable on the grounds of unconscionability. *Id.* at 998-1000. The district court found that the cost-splitting, fee-shifting, and forum provisions (which required the plaintiff to travel to Texas) that applied to the arbitration requirements generally, *but not the delegation clause specifically*, rendered the effective adjudication of the delegation clause too costly and thereby unconscionable. *Id.* at 1002-1003. The Ninth Circuit, acknowledging the dictates of *Rent-A-Center*, held that the district court did not abuse its discretion in applying provisions related to fees, costs, and forum, written into the broader arbitration agreement, to the delegation clause to find it unconscionable. *Id.* at 1004. The takeaway then from *Rent-A-Center* and *Lim* is that a challenge to the delegation clause must apply to the delegation clause standing alone, not that the challenge must be one unique to the delegation clause.

Here Plaintiff Belyea's arguments under sections 1281.97 and 1281.98 would apply to

8

the delegation clause because the parties were in front of the arbitrator on the delegation clause as a standalone arbitration agreement. The fact that sections 1281.97 and 1281.98 could apply to the arbitration agreement as a whole does not prevent the Court from hearing the challenge to the delegation clause. It is therefore appropriate for this Court to decide whether GreenSky has waived its right to have questions of the validity, enforceability, and scope of the arbitration provision heard by an arbitrator.

### III. The Court is not being asked to enforce §§ 1281.97 and 1281.98 to Greensky retroactively.

GreenSky next argues that this Court should not apply the 30-day rule to GreenSky, as required by sections 1281.97 and 1281.98, because the statutes were not in effect until after the allegations that are the basis of Belyea's suit transpired, and the statutes do not apply retroactively. (ECF No. 178 at 7). But the Court is not being asked to apply these provisions to GreenSky actions that predates their enactment. The statutes regulate GreenSky's actions in arbitration, particularly its failure to pay its share of the arbitration fees within 30-days, and GreenSky's failure to comply with those statutes occurred *after* the statutes were in effect.

The cases GreenSky cites in support of its position make it clear that the reason the courts held the statutes should not apply was because both the demand for arbitration and the failure to pay the fee predated the enactment of the statutes. *See Abernathy v. DoorDash, Inc.*, 438 F. Supp. 3d 1062, 1066 (N.D. Cal. 2020) (noting that *all* the relevant events, that being the demand for arbitration and the failure to pay, all occurred prior to the statutes enactment); *Goobich v. Excelligence Learning Corp.*, 482 F. Supp. 3d 986, 993 (N.D. Cal. 2020) (same). In those cases, the courts were being asked to apply the statutes retroactively to behavior that occurred prior to their enactment—not so here. The statutes went into effect on January 1, 2020. *Goobich*, 482 F. Supp. 3d at 990. Here, both the demand for arbitration and GreenSky's failure to pay its portion of the arbitrator's fees occurred in 2022, well after the enactment of the statutes. (ECF No. 176 at 2-3).

GreenSky cites no authority where a court has held that § 1281.97 and § 1281.98 would not apply even where the failure to make the payment occurred after the statutes' enactment

based on a theory of non-retroactive application. GreenSky argues these statutes should only apply to arbitration provisions entered into from January 1, 2020, going forward. ECF No. 178 at 8). There is no indication by the state legislature that it intended the statutes to function in that way. More importantly, none of the courts that have addressed these statutes have so held, and Plaintiff Belyea was unable to find any case addressing the application of 1281.97 and 1281.98 where the arbitration agreement *did not* predate their enactment. None of those courts applies GreenSky's rule. GreenSky's position that the Court is being asked to apply the statutes retroactively simply has no merit.

### IV.     Belyea's Motion does not fail on its merits.

In its final argument, GreenSky claims to address the merits of Plaintiff Belyea's motion. (ECF No. 178Opp. 9-10). To be clear, GreenSky does not argue in the brief that it complied with sections 1281.97 and 1281.98 by paying the fees within 30 days or that the statutes do not require it to do so. It's undisputed that GreenSky did not timely pay, and the statutory language is crystal clear. Nor does GreenSky argue that its failure to pay is excused under Sections 1281.97 and 1281.98. GreenSky cannot do so because the statutes "declare[] any payment that exceeds the arbitration provider's deadline *and a statutorily granted 30-day grace period* to be a material breach as a matter of law" without exception. *Gallo v. Wood Ranch USA, Inc.*, 81 Cal.App.5th 621, 2022 WL 2913128, at *9 (Cal. Ct. App. July 25, 2022) (emphasis in original)[5]. GreenSky's "merits" arguments are: 1) the statutes are preempted by the FAA—an argument rejected by every court that has considered it; and 2) if the Court would only let GreenSky argue this issue to the arbitrator, GreenSky is sure the arbitrator will excuse its non-compliance. Neither argument should prevail.

---

[5] This case has been certified for publication and therefore is permissible to cite under the California Rules of Court Rule 8.1115(a).

**A.     Sections 1281.97 and 1281.98 are not preempted by the FAA because they facilitate arbitration.**

While the Federal Arbitration Act preempts any law that discriminates against arbitration on its face. *See Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1917 (2022). The Supreme Court has made clear, that the FAA does not preempt the field of arbitration. *Agerkop v. Sisyphian LLC*, 2021 WL 1940456 at * 5 (C.D. Cal. Apr. 13, 2021) (citing *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 477 (1989)). Absent an explicit disharmony, the FAA preempts state law only if it conflicts with or obstructs the FAA's purposes. *Gallo*, 2022 WL 2913128 at 5; *Agerkop*, 2021 WL 1940456 at * 5. The FAA does not prohibit state laws that make arbitration *more effective* by providing targeted remedies *in aid* of arbitration. *Agerkop*, 2021 WL 1940456 at 4; *Postmates, Inc. v. 10,356 Individuals*, 2021 WL 540155 at *8 (C.D. Cal. Jan. 19, 2021).

In enacting sections 1281.97 and 1281.98, the California legislature "was aiming to solve a very specific problem—namely the 'procedural limbo and delay' that consumers and employees face when they are 'forced to submit to mandatory arbitration to resolve a[] … dispute,' and the business or company that pushed the case into an arbitral forum then 'stalls or obstructs the arbitration proceeding to pay the required fees'." *Gallo*, 2022 WL 2913128 at 4 (quoting Assem. Floor Analysis, 3d reading analysis of Sen. Bill No. 707 (2019-2020 Reg. Sess.) as amended May 20, 2019, p. 2; Sen. Bill No. 707 (2019-2020 Reg. Sess.) § 1, subds. (c) & (d).) Sections 1281.97 and 1281.98 "grants deliverance from this procedural purgatory by deeming late payment to be a material breach of the arbitral agreement." *Id*. Every court that has considered sections 1281.97 and 1281.98 in the preemption context has held that the statutes *facilitate* arbitration and are therefore not preempted. *See Gallo* 2022 WL 2913128 at *3-9; *Postmates, Inc. v. 10,356 Individuals*, 2021 WL 540155 at *7 (C.D. Cal. Jan. 19, 2021); *Agerkop*, 2021 WL 1940456 at *4-5; *see also Dekker v. Vivint Solar Inc.*, 479 F.Supp.3d 834, 838 (N.D. Cal. 2020) (noting that the statutes were enacted to "better *enforce* the federal policy of fast and inexpensive dispute resolution) (rev'd on other grounds). Thus, these statutory provisions are not preempted by the FAA.

11

### B. GreenSky's argument that the arbitrator will excuse its failure to comply with California law is not supported in fact or law.

GreenSky argues that the Court should disregard its failure to timely pay fees owed to the arbitrator because GreenSky was attempting to extract a credit from the arbitration provider. (ECF No. 178 at 10). The Court should not give this argument any weight for two reasons.

First, GreenSky offers no evidence to support this assertion. No declaration or exhibits are attached. Nor is there anything in the record showing that GreenSky had a good faith basis for asking for the refund. The arbitration in *Wright* was fully decided on the issues in front of the arbitrator, so why would GreenSky be owed a credit? Also, it is clear here that JAMS believed fees remained owed. (ECF No. 176 Ex. 5).

Second, even if what GreenSky states were true, the statutory language is clear. There are no permissible exceptions or excuses to the 30-day requirement. *Daniels v. Securitas Sec. Servs. USA, Inc.*, 2021 WL 2322938, at *2 (C.D. Cal. May 27, 2021) (noting the clear legislative intent of strict enforcement of the 30-day requirement).

Finally, GreenSky makes no express argument in its brief that it can show "substantial justification or that other circumstances" that would make striking GreenSky's affirmative defenses inappropriate under the statute (beyond a footnote noting that no cases are cited doing so). § 1281.99(b)(2)(A). GreenSky's unsupported, *ipse dixit* statements with respect to the credit issue should not be considered by the Court as evidence of substantial justification. Even if they were considered, GreenSky's decision to haggle over a refund, does not rise to "substantial justification" for its failure to meet the statutory deadline for payment.

### CONCLUSION

For the Court should reject GreenSky's arguments in opposition, and grant Plaintiff Belyea's motion to set aside the judgment.

| | | |
|---|---|---|
| 1 | Dated: August 25, 2022 | Respectfully submitted, |
| 2 | | **COHEN MILSTEIN SELLERS & TOLL PLLC** |
| 3 | | |
| 4 | | */s/ Brian Johnson* |
| 5 | | Victoria Nugent (*pro hac vice*)<br>Brian Johnson (*pro hac vice)* |
| 6 | | **COHEN MILSTEIN SELLERS & TOLL PLLC**<br>1100 New York Avenue, N.W.<br>Suite 500 |
| 7 | | Washington, DC 20005-3964<br>Telephone: (202) 408-4600 |
| 8 | | Facsimile: (202) 408-4699<br>vnugent@cohenmilstein.com |
| 9 | | bejohnson@cohenmilstein.com |
| 10 | | |
| 11 | | Eric H. Gibbs<br>David Stein |
| 12 | | Kyla J. Gibboney<br>Iudis Sominskaia |
| 13 | | **GIBBS LAW GROUP LLP**<br>1111 Broadway, Suite 2100 |
| 14 | | Oakland, CA 94607<br>Telephone: (510) 350-9700 |
| 15 | | Facsimile: (510) 350-9701<br>ehg@classlawgroup.com |
| 16 | | ds@classlawgroup.com<br>kjg@classlawgroup.com |
| 17 | | ids@classlawgroup.com |
| 18 | | Bryce Bell (*pro hac vice*) |
| 19 | | Mark W. Schmitz (*pro hac vice*)<br>Andrew R. Taylor (*pro hac vice*) |
| 20 | | **BELL LAW, LLC**<br>2600 Grand Blvd., Suite 580 |
| 21 | | Kansas City, MO 64108<br>T: 816-886-8206 |
| 22 | | F: 816-817-8500<br>bryce@belllawkc.com |
| 23 | | ms@belllawkc.com<br>at@belllawkc.com |
| 24 | | |
| 25 | | Daniel T. LeBel<br>**CONSUMER LAW PRACTICE OF DANIEL T.** |
| 26 | | **LEBEL**<br>P.O. Box 720286 |
| 27 | | San Francisco, CA 94111<br>Telephone: (415) 513-1414 |
| 28 | | Facsimile: (877) 563-7848 |

danlebel@consumerlawpractice.com

*Counsel for Plaintiffs and the Proposed Class*

## ATTESTATION

I attest that for all conformed signatures indicated by an "/s/," the signatory has concurred in the filing of this document.

Dated: August 24, 2022                                         Respectfully submitted,

<u>/s/ *Brian E. Johnson*</u>
Brian E. Johnson