UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH BELYEA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GREENSKY, INC., et al.,<br><br>    Defendants. | Case No.  20-cv-01693-JSC<br><br>**ORDER RE: SEALING MOTIONS**<br><br>Dkt. Nos. 235, 242, 246, 247, 253, 255, 258, 262, 266, 268 |

Plaintiffs filed administrative motions to consider whether documents GreenSky designated as confidential should be filed under seal. (Dkt. Nos. 235 (class certification motion); 255 (*Daubert* opposition); 258 (class certification reply); 266 (summary judgment opposition).) Because GreenSky did not respond, the motions are DENIED without prejudice. Civ. L.R. 79–5(f) ("Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration" as described in Local Rule 79-5(c)).

Accompanying its briefs, GreenSky filed motions for leave to file documents under seal. (Dkt. Nos. 242 (class certification opposition); 247[1] (*Daubert* motion); 253 (summary judgment motion); 262 (*Daubert* reply); 268 (summary judgment reply).)  GreenSky's motions are DENIED without prejudice.  GreenSky has not demonstrated compelling reasons to keep the documents under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (observing "the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments"); *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (concluding district

---

[1] At Docket No. 247, GreenSky amended its motion filed at Docket No. 246.

court erred by failing to apply the "compelling reasons" standard because "a *Daubert* motion connected to a pending summary judgment motion may be effectively dispositive of a motion for summary judgment"); *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (collecting cases concluding "the compelling reasons standard applies to motions to seal documents relating to class certification"). In each of its motions, GreenSky asserts without elaboration "[i]njury to GreenSky will result if sealing of the exhibits is denied because this will result in a business, industry, market, and financially competitive disadvantage to GreenSky if the exhibits are not sealed the documents." But GreenSky's blanket assertion does meet the compelling reasons standard for each document it seeks to seal.

Relatedly, GreenSky's requests are not narrowly tailored. *See* Civ. L.R. 79–5(d) (requiring parties to "narrowly tailor" their requests only to the sealable material); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (noting a preference for redactions so long as they "have the virtue of being limited and clear"). While the experts' regression analyses may be based on confidential transaction data, the methodology and conclusions in the reports are not sealable—at least not in full. GreenSky's conclusory statement in each of its motions that "a less restrictive alternative to sealing the exhibits is not sufficient because the exhibits contain non-public confidential and sensitive information" is inconsistent with the "strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).

The deadline to file further motions regarding sealing is January 17, 2025. Requests must be narrowly tailored and provide specific reasons for sealing as to specific portions of exhibits. Because the expert reports are not sealable in full, the parties should re-evaluate the proposed redactions in the briefs.

This Order disposes of Docket Nos. 235, 242, 246, 247, 253, 255, 258, 262, 266, and 268.

**IT IS SO ORDERED.**

Dated: December 19, 2024

JACQUELINE SCOTT CORLEY
United States District Judge