UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH BELYEA, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>GREENSKY, INC., et al.,<br><br>   Defendants. | Case No. 20-cv-01693-JSC<br><br>**ORDER RE: PLAINTIFFS' MOTION FOR CLARIFICATION**<br><br>Re: Dkt. No. 305 |

Now pending is Plaintiffs' motion for an order clarifying the Court's January 2, 2025 summary judgment order. GreenSky opposes the request. Having carefully considered the parties' submissions, the Court GRANTS in part Plaintiffs' motion. The Court clarifies it did not decide whether the Credit Services Act permits Plaintiffs—should they prevail—to recover performance fee damages even though the Court granted summary judgment as to Plaintiffs' performance fee claims. That said, the Court declines to go further by ruling on whether Plaintiffs are entitled to such fees, as that issue was not before the Court when it issued the summary judgment order.

**BACKGROUND**

The Court's January 2, 2025 order contains a more detailed summary of the factual and procedural history in this case. (Dkt. No. 279 (sealed); Dkt. No. 294 (unsealed).)[1] Briefly, Plaintiffs filed a putative class action against GreenSky, alleging the company's business practices violate California consumer protection statutes. The amended complaint alleged (1) violations of the Credit Services Act of 1984 ("Credit Act"), (2) violations of California's Unfair Competition

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    Law ("UCL"), and (3) unjust enrichment. (Dkt. No. 216.) GreenSky moved for "summary
2    judgment on each of Plaintiffs' claims under California's Credit Services Act . . . and California's
3    Unfair Competition law . . . and for unjust enrichment." (Dkt. No. 254 at 7.) GreenSky's motion
4    asserted Plaintiffs "failed to adduce any evidence to show that (a) their GreenSky Program
5    merchants passed through to them any portion of the 'transaction fee' the merchants paid
6    GreenSky related to Plaintiffs' loans, or (ii) they paid any part of an 'incentive payment' that
7    Program banks paid to GreenSky pursuant to negotiated contracts between GreenSky and those
8    lenders."[2] (*Id.*) Essentially, GreenSky argued Plaintiffs could not prove they were injured by
9    paying transaction fees or performance fees, so "Plaintiffs' claims relating to such payments
10   [could not] survive summary judgment." (*Id.* at 22.)

11       In its order, the Court observed Plaintiffs' Credit Act, UCL, and unjust enrichment claims
12   all "require[] proof of injury." (Dkt. No. 279 at 13.) On this issue, "Plaintiffs presented evidence
13   creating a dispute of fact as to injury resulting from transaction fees, but Plaintiffs [did] not
14   present[] evidence creating a dispute of fact as to performance fees." (*Id.*) Regarding
15   performance fees, while Plaintiffs presented evidence from which a factfinder could conclude
16   GreenSky violated the Credit Act, Plaintiffs did not present evidence of a resulting injury as
17   required by the Credit Act and Article III. (*Id.* at 15-19.) So, the Court granted GreenSky's
18   "motion for summary judgment on the performance fee claims." (*Id.* at 19.)

**DISCUSSSION**

20       Plaintiffs' motion for clarification is two-fold. First, they "ask that the Court clarify its
21   summary-judgment ruling to confirm that the Court did not construe the [Credit Act]'s damages
22   provision or otherwise rule on the scope of damages available under the [Credit Act]." (Dkt. No.
23   305 at 8.) Second, Plaintiffs ask that "any clarification that the Court provides . . . be consistent
24   with the plain language of the [Credit Act]'s damages-floor provision," (Dkt. No. 315 at 6), which
25   provides:

26           Any consumer injured by a violation of this title or by the credit

---

[2] "Transaction fees" are also referred to as "merchant fees." And "performance fees" are also referred to as "incentive payments." The terms were used interchangeably by the parties.

> services organization's breach of a contract subject to this title may bring any action for recovery of damages, or for injunctive relief, or both. Judgment shall be entered for actual damages, but in no case less than the amount paid by the consumer to the credit services organization, plus reasonable attorney's fees and costs. An award, if the trial court deems it proper, may be entered for punitive damages.

Cal. Civ. Code § 1789.21(a). Plaintiffs argue this provision means if Plaintiffs prove GreenSky violated the Credit Act by collecting transaction fees, then Plaintiffs—entitled to recover "in no case less than the amount paid"—are entitled to recover "performance fees that they paid to GreenSky (even if those fees do not independently give rise to liability)." (Dkt. No. 305 at 3; Dkt. No. 315 at 4.) GreenSky disputes this interpretation, arguing the Credit Act "does not purport to permit recovery of amounts that are untethered to an underlying violation." (Dkt. No. 313 at 7.) GreenSky also opposes Plaintiffs' motion on the ground it is untimely.

**I.    TIMELINESS**

GreenSky contends Plaintiffs' motion does not seek clarification but rather seeks to alter or amend the summary judgment order pursuant to Federal Rule of Civil Procedure 59(e). According to GreenSky, because Plaintiffs filed the motion over 100 days after the order was issued, Plaintiffs' motion untimely and should be denied. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Whereas a motion for clarification "invite[s] interpretation . . . for the guidance of the parties," a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) asks the Court to "alter or amend the judgment" through "a substantive change of mind by the court." *Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985) (cleaned up); *see also Childress v. Colvin*, No. 13-CV-03252-JSC, 2014 WL 6844829, at *1 (N.D. Cal. Dec. 4, 2014) ("Under Federal Rule of Civil Procedure 59(e), a court has discretion to alter or amend a judgment if: (1) it is presented with newly discovered evidence; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law.").

The Court disagrees with GreenSky's contention that Plaintiffs' present motion seeks to alter or amend the judgment. Plaintiffs do not argue, for example, they presented evidence creating a dispute of fact as to performance fees and the Court erred in overlooking that evidence. Nor do Plaintiffs argue new evidence or an intervening change in the law requires the Court to

3

alter its decision granting GreenSky's motion for summary judgment regarding Plaintiffs' performance fee claims. These issues—which would be the basis for a motion for reconsideration—are distinct from Plaintiffs' present motion, which seeks clarification regarding the availability of performance fee damages notwithstanding the Court's conclusion that Plaintiffs failed to present evidence of injury as to these fees. So, the Court will not construe Plaintiffs' motion as one for reconsideration.

Rather, consistent with its caption, Plaintiffs' motion seeks clarification. GreenSky does argue motions for clarification are subject to a specific deadline. And here, Plaintiffs promptly filed their motion upon learning the parties disagreed about the availability of performance fee damages. That is, Plaintiffs filed the pending motion on April 15, 2025—approximately two weeks after the meet and confer call that revealed the basis for Plaintiffs' request. (Dkt. No. 305-1 ¶ 4 (during a meet and confer call on March 31, 2025, "GreenSky stated its position that any discovery requests seeking information related to performance-fee damages were no longer relevant due to the Court's ruling on summary judgment").) So, Plaintiffs' motion is timely.

## II. CLARIFICATION

As to Plaintiffs' request to "confirm that the Court did not construe the [Credit Act]'s damages provision or otherwise rule on the scope of damages available under the [Credit Act]," (Dkt. No. 305 at 8), the Court grants Plaintiffs' request. The Court confirms it did not decide whether Plaintiffs, if they prove GreenSky's collection of transaction fees violates the Credit Act, are entitled to recover any performance fees they paid to GreenSky. GreenSky's motion argued Plaintiffs were not injured by performance fees. (Dkt. No. 253-3 at 21 (arguing Ms. Barnes "ha[d] no evidence whatsoever that she sustained any harm as a result of any incentive payments GreenSky may have received on any portfolio of loans that included her loan"). The Court agreed with GreenSky that Plaintiffs failed to present evidence establishing injury. But GreenSky did not argue the dismissal of "all performance-fee related claims. . . necessarily precludes Plaintiffs from recovering damages related to performance fees." (Dkt. No. 313 at 3). While GreenSky makes that argument now in opposition to Plaintiffs' motion for clarification, that argument was not in its summary judgment motion. As it was not before the Court, the Court did not decide whether

Plaintiffs are entitled to damages of performance fees, including in the event Plaintiffs fail to demonstrate they were injured by such fees.

For this reason, the Court denies Plaintiffs' additional request to provide clarification by ruling on this issue. In *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012), which Plaintiffs cite, the Ninth Circuit held Rule 60(a)—permitting corrections based on clerical mistakes, oversights, and omissions—allows a court to clarify a judgment in order to correct a failure, memorialize part of its decision, reflect the necessary implications of the original order, ensure that the court's purpose is fully implemented, or permit enforcement. The Ninth Circuit continued that any modification or clarification "must reflect the contemporaneous intent of the district court as evidenced by the record." *Id.* at 1080. The clarification Plaintiffs seek is not a "necessary implication" of the summary judgment order—it is a new issue that arose in the wake of the summary judgment ruling. Nor would clarification reflect the Court's "contemporaneous intent." Since the availability of performance fee damages was not before the Court when it issued the January 2, 2025 order, the Court had no intent as to this issue. *Cf. Garamendi*, 683 F.3d at 1081 (affirming correction as to damages when "[t]he only new information . . . [was] the district court's further explanation of how it arrived at the compensatory damages figure . . . and the relevant filings tend to support the district court's explanation of the reasoning behind its original judgment"). As Plaintiffs acknowledge, "[w]ith no dispute to resolve, the Court had no reason to analyze the [Credit Act] damages-floor provision in its ruling." (Dkt. No. 315 at 5.)

## CONCLUSION

For the reasons stated above, the Court GRANTS in part Plaintiffs' motion for clarification. At Plaintiffs' request, the Court confirms it did not decide whether the Credit Act permits Plaintiffs—should they prevail—to recover performance fees in addition to transaction fees. But the Court declines to provide further clarification by accepting Plaintiffs' (or GreenSky's) interpretation of the Credit Act, because this issue was not before the Court when it decided the summary judgment, class certification, and *Daubert* motions.

//

//

This Order disposes of Docket No. 305.

**IT IS SO ORDERED.**

Dated: May 27, 2025

JACQUELINE SCOTT CORLEY
United States District Judge