UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH BELYEA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GREENSKY, INC., et al.,<br><br>　　　　Defendants. | Case No.  20-cv-01693-JSC<br><br>**ORDER RE: SECOND AMENDED MOTION TO SEAL**<br><br>Re: Dkt. No. 325 |

The parties filed administrative sealing motions in connection with Plaintiffs' motion for class certification, GreenSky's *Daubert* motion, and GreenSky's motion for summary judgment. In December 2024, the Court denied the motions without prejudice.  (Dkt. No. 277 at 1.)[1]  In January 2025, GreenSky filed amended sealing motions, (Dkt. Nos. 287, 288), which the Court granted in part and denied in part, (Dkt. No. 293).  The Court provided GreenSky until April 18, 2025 to filed renewed sealing motions.  (Dkt. No. 299.)  On April 17, 2025, GreenSky moved to extend the deadline to April 25, 2025, which the Court granted.  (Dkt. Nos. 306, 308.)  On April 25, 2025, GreenSky filed a second motion to extend the deadline to May 5, 2025, which the Court granted.  (Dkt. Nos. 311, 312.)  GreenSky did not file a renewed sealing motion on or before May 5, 2025.  At the case management conference on May 27, 2025, the Court reset the deadline to June 6, 2025.  (Dkt. No. 321.)  GreenSky filed the pending unopposed administrative motion to seal on June 6, 2025.  (Dkt. No. 325.)

**LEGAL STANDARD**

There is a right of public access to judicial records and documents.  *Nixon v. Warner*

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

*Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In considering motions to seal, courts recognize "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up). When a party seeks to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), the party bears the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (cleaned up). There is an exception when a party seeks to seal materials "unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179. In such instance, "a party need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety*, 809 F.3d at 1097.

As explained in the Court's previous sealing order at Docket No. 293, the "compelling reason" standard applies to the parties' summary judgment, class certification, and *Daubert* filings. Compelling reasons exist if the documents at issue are "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citation omitted); *Nixon*, 435 U.S. at 598. In addition, sealing is appropriate when the records would divulge terms of confidential contracts or contract negotiations, financial terms, or business models and strategies. *See Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020); *FTC v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019). But "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

## DISCUSSION

### A.   Briefs

First, GreenSky moves to seal portions of six briefs. Specifically, GreenSky moves to seal portions of (1) Plaintiffs' class certification motion, (2) GreenSky's opposition to the class certification motion, (3) GreenSky's *Daubert* motion, (4) GreenSky's summary judgment motion, (5) Plaintiffs' opposition to the summary judgment motion, and (6) Greensky's reply on the

summary judgment motion.

The Court GRANTS GreenSky's requests to seal the specified language in these six briefs. GreenSky's requests are narrowly tailored, and the language GreenSky seeks to seal generally refers to exhibits the Court previously concluded contain confidential business information.

### B.     Exhibits

GreenSky moves to redact specific portions of Docket No. 241-38, which is filed under seal at Docket No. 239-8. GreenSky also moves to redact specific portions of Docket No. 241-49, which is filed under seal at Docket No. 239-19. The Court GRANTS Greensky's request to seal the specified portions of these exhibits, which describe confidential business strategies.

### C.     *Wright* 30(b)(6) Deposition Transcript

GreenSky moves to seal portions of the GreenSky 30(b)(6) deposition transcript at Docket No. 235-7, which is from the *Wright v. GreenSky* case in the Southern District of Florida. GreenSky's requests are narrowly tailored and reflect information the Court previously determined satisfies the "compelling reasons" standard, such as the identity of GreenSky's banking partners.[2] So, the Court GRANTS the request to seal the specified portions of the *Wright* 30(b)(6) deposition transcript.

### CONCLUSION

For the reasons stated above, the Court GRANTS GreenSky's second amended sealing motion. By September 5, 2025, the parties shall re-file briefs, documents, and exhibits consistent with this order and the Court's previous sealing order. In addition, because the parties agree Plaintiffs' *Daubert* opposition, GreenSky's *Daubert* reply, and Plaintiffs' reply on the motion for class certification can be filed without redactions, the parties shall re-file those briefs without redactions by September 5, 2025.

//

//

---

[2] GreenSky moved to seal pages not included in the transcript excerpts Plaintiffs provided as evidence at Docket No. 325-7. For example, GreenSky moved to seal page 70 line 11 through page 27 line 25; however, the *Wright* transcript at Docket No. 235-7 does not include pages 70 through 72. The Court disregarded these requests.

This Order disposes of Docket No. 325.

**IT IS SO ORDERED.**

Dated: July 21, 2025

JACQUELINE SCOTT CORLEY
United States District Judge