UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH BELYEA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GREENSKY, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-01693-JSC<br><br>**ORDER FOLLOWING DECEMBER 17, 2025 CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 374 |

As discussed at the December 17, 2025 case management conference, the Court rules as follows:

## I.  ARBITRATION CONTRACT FORMATION QUESTION

### A.  Procedural History

Previously, GreenSky moved to compel arbitration as to named plaintiff David Ferguson, and Mr. Ferguson appealed. (Dkt. Nos. 159, 166.) At the Ninth Circuit, Mr. Ferguson argued no arbitration agreement could have been formed between himself and GreenSky because GreenSky was a credit services organization ("CSO") bound by the Credit Services Act ("Credit Act"), Cal. Civ. Code §§ 1789.10 et seq, and the purported arbitration agreement did not include the requirements for a CSO's contract formation under Credit Act § 1789.16. (Dkt. No. 188 at 3-4.) The Ninth Circuit held there was "no genuine factual dispute that GreenSky is a 'credit services organization' under the Credit [] Act" because:

> GreenSky admitted that contractors submit consumers' loan applications to GreenSky 'for underwriting and approval,' that loans are 'funded through the bank partner to which GreenSky has allocated the loan,' that GreenSky 'arranges for the consumer to make payments on the loan, which GreenSky also services,' and that GreenSky 'is paid a predetermined percentage of every loan.

(*Id.*)  There was also "no genuine factual dispute that the parties' agreement violates the formation requirements in section 1789.16." (*Id.* at 4.)  So, the Ninth Circuit held GreenSky's "factual admissions establish that GreenSky is a credit services organization as a matter of law," so "the parties did not form an agreement under the applicable statutory requirements," and there was no basis to compel arbitration as to Mr. Ferguson.  (*Id.*)

But Plaintiffs subsequently filed a third amended complaint, (Dkt. No. 216), and in its answer, GreenSky denied the previously admitted facts the Ninth Circuit had relied upon to conclude GreenSky was a CSO as a matter of law, (Dkt. No. 219 ¶¶ 31, 34, 36, 37).  GreenSky then moved to compel arbitration as to all class members whose loan agreements contain an arbitration provision.  (Dkt. No. 326.)  In responding to GreenSky's motion, this Court found "[a]s the Ninth Circuit's ruling was explicitly constrained to the factual record before it, and that record has now changed, neither the law of the case doctrine nor the mandate rule requires the Court to conclude GreenSky is a CSO."  (Dkt. No. 371 at 10.)  *See Habelt v. iRhythm Techs., Inc.*, 83 F.4th 1162, 1166 (9th Cir. 2023) ("An amended complaint supersedes the original, the latter being treated thereafter as non-existent." (cleaned up)).  So, considering the amended record before it, the Court concluded:

> The parties' factual disputes as to whether borrowers purchase GreenSky's services through merchant pass-through fees or consent to PII collection and marketing prevent the Court from determining whether borrowers are 'consumers' and, by extension, whether GreenSky is a CSO under the Credit Act.  Because whether GreenSky is a CSO will determine whether an arbitration agreement was formed, these factual disputes are material.  So, the Court cannot resolve GreenSky's motion to compel arbitration until the question of whether borrowers are 'consumers' under the Credit Act is resolved.

(Dkt. No. 371 at 19.)

The Court is therefore holding GreenSky's motion to compel arbitration of unnamed class members "in abeyance pending trial on the arbitration formation question, specifically, whether GreenSky is a credit services organization under the Credit Act."  (*Id.* at 22.)  *See Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 672 (9th Cir. 2021) ("To implement [9 U.S.C. § 4], once a district court concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to a trial on arbitrability and hold any

2

motion to compel arbitration in abeyance until the factual issues have been resolved.").

### B.     Arbitrability and Merits Trials

Whether GreenSky is a CSO under the Credit Act is a material issue both precluding the Court's finally ruling on GreenSky's motion to compel arbitration and going to the merits of Plaintiffs' claims against GreenSky. Plaintiffs' first cause of action against GreenSky asserts violations of the Credit Act, but GreenSky is only liable for such violations if it is a CSO. (Dkt. No. 216 ¶ 104.) And, in certifying Plaintiffs' class, the Court found whether GreenSky is a CSO is a common question which predominated. (Dkt. No. 294 at 34.)

Because the question for the factfinder, the parties' evidence, and the relevant law are "substantially overlapping," if not identical, it does not make sense to proceed with two separate trials. (Dkt. No. 374 at 3.) Neither party has identified a case, much less a Ninth Circuit case, in which a court faced the present issue: how to structure the trials when a material dispute dispositive of whether the parties formed an arbitration agreement also goes to the merits of the case. However, the Ninth Circuit has made clear "where the jurisdictional issue and the substantive issues are so intermeshed that the question of jurisdiction is dependent on decision of the merits, a party is entitled to have the jurisdictional issue submitted to the jury, rather than having the court resolve factual issues." *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 735 (9th Cir. 1979) (citation omitted); *see also Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1143 (9th Cir. 2024) (holding "when jurisdictional issues are 'intertwined with an element of the merits of the plaintiff's claim,' the court must . . . 'leave the resolution of material factual disputes to the trier of fact'" (citation omitted)); *Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 305 F.3d 913, 924 (9th Cir. 2002) (reversing summary judgment and "leav[ing] for the trier of fact to decide . . . inquiry [which] will determine whether there is admiralty jurisdiction and whether [the plaintiff] prevails on the merits"). And, in the jurisdictional context, "[t]he question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039-40 (9th Cir. 2004) (cleaned up).

3

Here, the question whether GreenSky is a CSO under the Credit Act is "inextricably wound up" in both the existence of a valid arbitration agreement and the ultimate merits decision. (Dkt. No. 361 at 30-31; Dkt. No. 374 at 2-3.)  So, the Court will hold a single trial in which the first question may be whether GreenSky is a CSO.  Then, if the factfinder determines GreenSky is not a CSO, the class members with arbitration provisions in their loan agreements will be compelled to arbitrate, and there will be no ruling on the merits for those class members.

GreenSky contends the Court's approach is improper because the Court cannot proceed with a trial on the merits until the formation question is resolved.  *See Jin v. Parsons Corp.*, 966 F.3d 821, 827 (D.C. Cir. 2020) ("The district court cannot postpone deciding the question of arbitrability *vel non* and allow the case to proceed on the merits."); *Boykin v. Family Dollar Stores of Michigan*, 3 F.4th 832, 844 (6th Cir. 2021) ("The parties may not address other issues, including merits issues, before the court resolves these formation questions and [the defendant]'s motion to compel.").  But Greensky's cited cases do not involve arbitration formation questions intertwined with the merits, as is here.  Further, a phased trial structure can ensure the case does not proceed to trial on the merits as to class members with arbitration agreements until the formation question is resolved.

### C.    Jury

GreenSky also contends a single phased trial is not feasible because Plaintiffs are not entitled to a jury in the formation trial.  GreenSky argues although Plaintiffs demanded a jury in their complaint, and so are entitled to a jury for the merits of their Credit Act claim, they did not demand a jury in their opposition to GreenSky's motion to compel arbitration.

GreenSky relies on *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338 (11th Cir. 2017), in which the Eleventh Circuit held Federal Arbitration Act ("FAA") Section 4, 9 U.S.C. § 4, requires the party opposing arbitration to "make a *specific* demand for a jury trial on [the] *specific* issue related to the 'making of the arbitration agreement'" "before the deadline set by the district court for filing an opposition to the motion to compel arbitration." *Id.* at 1349 & n.17.  But *Burch* is not binding on this Court. And, although several district courts in the Ninth Circuit have relied on *Burch*, "[t]he Supreme Court and the Ninth Circuit have not yet determined whether a general demand for

4

a jury trial satisfies the FAA's procedure to preserve a right to a jury trial under § 4." *Klink v. ABC Phones of North Carolina, Inc.*, No. 20-CV-06276-EMC, 2021 WL 3709167, at *7 (N.D. Cal. Aug. 20, 2021) (cleaned up) (citing cases); *see also Wang v. Kahn*, No. 20-CV-08033-LHK, 2022 WL 36105, at *13 (N.D. Cal. Jan. 4, 2022) (noting jury demand must be made by the deadline for opposing a motion to compel arbitration); *Gonzalez v. Food Mgmt. Partners, Inc.*, No. 19-CV-08496-ODW (ASx), 2020 WL 4437267, at *4 (C.D. Cal. Aug. 3, 2020) (citing jury demand in plaintiffs' complaint and ordering jury trial on arbitrability).

      More importantly, none of the cases GreenSky cites addresses the right to a jury in the present situation, when the arbitrability issue is intertwined with a merits issue. In light of Supreme Court and Ninth Circuit law regarding the right to a jury trial on intertwined issues, the Court is not persuaded FAA Section 4 displaces Plaintiffs' right to a jury trial on the question whether GreenSky is a CSO. *See In re Google Play Store Antitrust Litig.*, 147 F.4th 917, 940-41 (9th Cir. 2025) (explaining because the "factual issues underlying Google's legal counterclaims overlapped and intertwined extensively with the factual issues underlying Epic's equitable antitrust claims," the district court did not err in sending the claims together to the jury); *Perttu v. Richards*, 605 U.S. 460, 470-71 (2025) ("It [is] well established that when a factual dispute is intertwined with the merits of a claim that falls under the Seventh Amendment, that dispute should go to a jury, even if that requires judges to defer determinations they would ordinarily make on their own. We have accordingly held in various contexts that, in cases of intertwinement, district courts should structure their order of operations to preserve the jury trial right.").

      But, even if the arbitration formation trial must proceed as a bench trial, the Court declines to hold a separate trial on the exact same question with the exact same evidence and exact same law. Instead, the Court will try the issue whether GreenSky is a CSO at one time for both arbitrability and liability purposes, and, perhaps, the jury verdict could be advisory if a bench trial is required on the arbitrability question. *See Columbia Ins. Co. v. Simpson Strong-Tie Co., Inc.*, No. 19-CV-04683-TSH, 2025 WL 2430417, at *5 (N.D. Cal. Aug. 21, 2025) ("[A] district court may permit juries to return advisory verdicts on equitable claims. . . . Notably, not only is the choice to employ an advisory jury verdict within the province of the trial court, but such a verdict

1   is not binding on the court." (cleaned up)).  So, in connection with the pretrial conference, the
2   parties should propose how the CSO question should be resolved and, if they do not agree, then
3   submit competing proposals.

## II.  PARTIAL SUMMARY JUDGMENT

Plaintiffs also ask the Court to treat facts related to whether GreenSky is a CSO, which it found undisputed in evaluating GreenSky's motion to compel arbitration, as "conclusively established for purposes of the upcoming trial."  (Dkt. No. 374 at 10.)

Plaintiffs rely on Federal Rule of Civil Procedure 56(f) and 56(g).  *See* Fed. R. Civ. P. 56(f) ("After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; . . . or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."); Fed. R. Civ. P. 56(g) ("If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case.").  However, Federal Rule of Civil Procedure 56 encompasses procedures for a party's motion for summary judgment.  Plaintiffs cite no authority by which a court—absent any motion for summary judgment—may treat factual determinations made in the course of determining whether a valid arbitration agreement exists as conclusively established for the remainder of the case.

So, the Court DENIES Plaintiffs' request.

## III.  CLASS NOTICE

GreenSky has provided Plaintiffs with contact information for class members through March 10, 2025.  However, because the class is defined as persons securing GreenSky loans "between January 9, 2016, and the present," (Dkt. No. 279 at 44 (sealed); Dkt. No. 294 at 44 (unsealed)), Plaintiffs now seek contact information through December 31, 2025.

The Court clarifies the class includes an end date of January 2, 2025, the date the Court adopted Plaintiffs' class definition and certified the class.  (Dkt. No. 279.)  *See Cruz v. Dollar Tree Stores, Inc.*, Nos. 07-2050 SC, 07-4012 SC, 2009 WL 1974404, at *2 (N.D. Cal. July 2, 2009) ("[T]he Court re-defines the class to include [the] end date . . . on which this Court certified

6

the class."). Plaintiffs have not moved to amend the class definition, and the Court is not inclined to do so. Ultimately, if Plaintiffs succeed, they may assert issue preclusion in a subsequent class action with class members securing GreenSky loans after January 2, 2025.

## IV. SCHEDULE

The case schedule remains in place. Plaintiffs should meet and confer with Greensky regarding a revised class notice.

A further Case Management Conference is scheduled for Wednesday, February 4, 2026 at 2:00 p.m. via Zoom video. An updated Joint Case Management Conference Statement is due January 28, 2026.

**IT IS SO ORDERED.**

Dated: December 22, 2025

JACQUELINE SCOTT CORLEY
United States District Judge