UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH BELYEA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREENSKY, INC., et al., <br><br> Defendants. | Case No. 20-cv-01693-JSC <br><br> **ORDER RE: PLAINTIFFS' MOTION TO AMEND CLASS DEFINITION** <br><br> Re: Dkt. Nos. 433, 434, 442, 444, 445 |

Plaintiffs allege GreenSky charges fees in violation of California consumer protection statutes. (Dkt. No. 216.)[1] On January 2, 2025, the Court certified a class of:

> All persons who secured in California, between January 9, 2016 and [January 2, 2025], a GreenSky Consumer Program loan for which the loan principal amount was $500 or higher and the associated transaction fee was at least 1% of the loan principal amount.

(Dkt. No. 294 at 44; Dkt. No. 378 at 6.)[2] Pending before the Court is Plaintiffs' motion to modify the class definition. (Dkt. No. 434.) Specifically, Plaintiffs move to narrow the class from persons whose GreenSky loan's "associated transaction fee was at least 1% of the loan principal amount," to persons whose GreenSky loan's "associated transaction fee was greater than 2% of the loan principal amount." (Dkt. No. 434 at 2.) Having carefully considered the parties'

United States District Court
Northern District of California

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] This class definition has certain exclusions, namely: "GreenSky Consumer Program loans bearing the following plan numbers: 2029, 2039, 2049, 2059, 2064, 2069, 2139, 2149, 2180, 2182, 2183, 2184, 2185, 2186, 2189, 2249, 2500, 2501, 2502, 2503, 2800, 2803, 2806, 2807, 2902, 2903, 7096, 7373, 7375, 7377, 7684, 9144, 9145, 9984, 9996, and 9999; . . . [and] Defendants; any affiliate, parent, or subsidiary of Defendants; any entity in which Defendants have a controlling interest; any officer, director, or employee of Defendants; any successor or assign of Defendants; anyone employed by counsel in this action; any judge to whom this case is assigned, his or her spouse; and members of the judge's staff." (Dkt. No. 235-3 at 19 n.8.)

submissions, the Court considers oral argument unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the July 24, 2026 hearing, and GRANTS Plaintiff's motion to amend the class definition.  Plaintiffs' proposed amended class definition appropriately accounts for newly produced evidence and satisfies the requirements of Federal Rule of Civil Procedure 23, and GreenSky has not shown any resulting prejudice.

**BACKGROUND**

In February 2024, GreenSky produced transaction-level data for loans from the beginning of the class period through October 2023.  (Dkt. No. 434-1 ¶ 4; Dkt. No. 239-14 ¶ 54.)  Plaintiffs' expert, Dr. Michael Williams, relied on that data to calculate the pass-through rate of GreenSky transaction fees for the class, opine on the class-wide impact of the pass-throughs, and estimate $67.8 million in economic damages.  (Dkt. No. 239-14 ¶¶ 55-84.)  Relying on Dr. Williams's report, which GreenSky did not challenge based on the incompleteness of the loan data, the Court certified the class.  (Dkt. No. 294; *see also* Dkt. No. 434-1 ¶ 6.)

However, Plaintiffs subsequently sought updated loan data from GreenSky.  (Dkt. No. 434-1 ¶ 7.)  On April 16 and 17, 2026, following meet and confers and status conferences, GreenSky produced the updated data for loans through January 2, 2025.  (*Id.* ¶¶ 7-9.)  Dr. Williams then applied his model to the updated data, and Plaintiffs served his revised report on May 6, 2026.  (*Id.* ¶ 10; *see also* Dkt. No. 433-4 ¶¶ 56-58.)  Using the new data, Dr. Williams concluded "all fifteen sub-regressions continued to show a positive [] impact on the class, but one of the fifteen did not show statistically significant results," and estimated $62.4 million in economic damages.  (Dkt. No. 433-3 at 5 (citing Dkt. No. 433-4 ¶¶ 72, 91 & tbls. 6, 9).)  However, when Dr. Williams applied Plaintiffs' proposed amended class definition to narrow the class, all fifteen sub-regressions showed positive and statistically significant pass-through, and he estimated $75.5 million in economic damages.  (*Id.* (citing Dkt. No. 433-4 ¶¶ 61-62, 73, 92 & tbls. 7, 10).)  "[I]n an abundance of caution, [therefore], Plaintiffs seek to amend the class definition to avoid any argument that the class is overinclusive because some class members were not injured."  (*Id.* at 8 n.2.)  According to GreenSky, Plaintiffs' proposed amendment would exclude 13,364 of the nearly 230,000 current class members.  (Dkt. No. 442-1 at 5.)

2

**DISCUSSION**

**I.    MOTION TO AMEND CLASS DEFINITION**

"An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). "[D]istrict courts have broad discretion to modify class definitions," *Aguirre v. Am. Honda Motor Corp., Inc.*, No. 22-CV-06909-HSG, 2026 WL 608349, at *3 n.5 (N.D. Cal. Mar. 4, 2026) (quotation marks and citation omitted), "in light of subsequent developments in the litigation," *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). "The types of 'developments' that lead to modification . . . can be evidentiary or legal." *In re Korean Ramen Antitrust Litig.*, No. 13-CV-04115-WHO, 2018 WL 1456618, at *2 (N.D. Cal. Mar. 23, 2018) (citing 3 Newberg on Class Actions § 7:37 (5th ed.)). Ultimately, "[h]owever, while a district court may revisit a class certification order in light of the subsequent developments in the litigation, any amendment thereto must satisfy the requirements of Rule 23." *Heredia v. Eddie Bauer LLC*, No. 16-CV-06236-BLF, 2020 WL 127489, at *10 (N.D. Cal. Jan. 10, 2020) (cleaned up).

**A.    Reason for Amendment**

Plaintiffs seek to amend the class to "account[] for updated information" not available at class certification stage—namely, complete loan data for the entire class period—"to present the strongest case that the class definition was not overinclusive." (Dkt. No. 434 at 8-9.) *See In re Korean Ramen Antitrust Litig.*, 2018 WL 1456618, at *2 (explaining "evidentiary" developments can lead to modification of the class definition). In the Ninth Circuit, "the problem of a potentially over-inclusive class," meaning a class "possibl[y]" including uninjured class members, "can and often should be solved by refining the class definition rather than by flatly denying class certification on that basis." *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 n.14 (9th Cir. 2022) (cleaned up); *see, e.g.*, *In re Apple iPhone Antitrust Litig.*, No. 4:11-CV-6714-YGR, 2024 WL 5701895, at *16-17 (N.D. Cal. Feb. 2, 2024) (granting plaintiffs' motion for class certification based on a revised and narrowed class definition to limit uninjured class members), *class decertified on other grounds*, 2025 WL 3124160 (N.D. Cal. Oct. 27, 2025). So, given newly produced evidence weakens certain absent class members' claims,

3

United States District Court
Northern District of California

Plaintiffs appropriately seek to refine the class definition rather than proceed with a potentially over-inclusive class.

GreenSky argues the Ninth Circuit's guidance in *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022), only applies when certain class members are not injured. According to GreenSky, Plaintiffs cannot narrow their class definition to exclude class members who have allegedly been injured, but whose cases are weaker. But GreenSky cites no case supporting its argument. And, to the contrary, courts allow plaintiffs to narrow their class definitions to pursue their most viable claims. *See Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.*, 674 F. Supp. 3d 799, 817 (C.D. Cal. 2023) ("A strategic decision to pursue those claims a plaintiff believes to be most viable . . . is a hallmark of competence, not inadequacy." (cleaned up)), *aff'd*, No. 23-55742, 2025 WL 1683472 (9th Cir. June 16, 2025); *see also Schertzer v. Bank of Am., N.A.*, No. 19-CV-264-DMS-MSB, 2025 WL 1447388, at *3 (S.D. Cal. May 20, 2025) (on reconsideration of class certification, narrowing class definition to remove class members facing duplicate recovery defense). So, GreenSky's argument amending the class definition is inappropriate merely because it is not necessary to ensure all class members have viable claims is not persuasive.

GreenSky's argument the court should refuse to amend the class definition because Plaintiffs "improperly and arbitrarily exclude individuals whose [] claims against [GreenSky] are substantially similar to those of other class members" is also unavailing. *See Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*, No. 15-CV-06314-YGR, 2017 WL 4073792, at *2 (N.D. Cal. Sept. 14, 2017). As an initial matter, *Abante Rooter & Plumbing* makes clear the Court has "broad discretion" to either amend or "declin[e] to amend the class definition." *See id.* (citing *Armstrong v. Davis*, 275 F.3d 849, 872 (9th Cir. 2001); Fed. R. Civ. P. 23(c)(1)(C)). And unlike the plaintiffs in *Abante Rooter & Plumbing*, who "ma[d]e no showing that the individuals covered by the [broader class] have [] claims against defendants which differ in any way from those of other class members," *id.* at *2, Plaintiffs have shown how the class members whose loans contain transaction fees between 1% and 2% of the loan principal amount have weaker claims than those whose loans contain transaction fees greater than 2% of the loan principal amount.

4

GreenSky also asks the Court to deny Plaintiffs' motion because "the *effect* of the change – the removal of over 13,000 class members – is significant." (Dkt. No. 442-1 at 13-14.) As support, GreenSky only cites *Douglas v. Bank of America, N.A.*, No. C20-0193JLR, 2020 WL 6799010 (W.D. Wash. Nov. 19, 2020), which explained the proposed amendments to the class definition were "not minor" because:

- Plaintiffs wholesale eliminated class members who possessed Bonds that are attributable to U.S. Bank and Key Corp.;
- Plaintiffs altered the class definition so that the class member must only be in "physical possession of the Bond," instead of the "owner or legal beneficiary of the bond";
- The amended complaint changes the class definition from "(iii) the owner or legal beneficiary received no notification that the Bond was not being renewed, was abandoned, and/or had escheated to the State of Washington" to "(vi) the Bond never escheated to the State of Washington."
- The new class definition adds "(iv) the Bond was not purchased at an excluded Rainier Bank branch; (v) Bank of America has no documents specific to the Bond indicating that it was redeemed; and (vii) the Bond was never presented for payment by the individual prior to December 20, 2013."

*Id.* at *8. But although Plaintiffs' proposed modifications "wholesale eliminate[] class members," they do not in any other way resemble the modifications in *Douglas*, which included changing several elements with legal significance. So, *Douglas* fails to persuade the Court amendment should be denied.

Ultimately, GreenSky's recent production of additional class-wide evidence is an important development in Plaintiffs' case which justifies amending the class definition.

### B.    Rule 23 Requirements

GreenSky only disputes whether Plaintiffs' proposed class definition satisfies Rule 23(a)(4)'s adequacy requirement. According to GreenSky, Plaintiffs' choice to abandon 13,364 class members' claims demonstrates Plaintiffs' and their counsel's failure to "prosecute the action vigorously on behalf of the [entire] class," and therefore their inadequacy. *See Moussouris v. Microsoft Corp.*, 799 F. App'x 459, 462 (9th Cir. 2019) (citation omitted); *see also Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d 1157, 1167 (9th Cir. 2013) ("Class counsel has a fiduciary duty to the class as a whole."). But GreenSky cites no cases supporting this argument. And to the contrary, "[a] strategic decision to pursue those claims a plaintiff believes to be most viable"—and

United States District Court
Northern District of California

United States District Court
Northern District of California

to "better align[] with the data unearthed in discovery"—"does not render her inadequate as a class representative." *Takeda Pharm. Co. Ltd.*, 674 F. Supp. 3d at 817 ("Pruning unviable elements from one's case is a hallmark of competence, not inadequacy.") (citing *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-CV-04984-JST, 2016 WL 5746364, at \*5 (N.D. Cal. Sept. 30, 2016)). GreenSky also does not show there is any prejudicial effect on the 13,364 absent class members, who have not received any notice of this class action and—given the amended class definitions— will not be bound by any judgment in this case. *Cf. Rodriguez v. Google LLC*, No. 20-CV-04688-RS, 2024 WL 1486139, at \*2 (N.D. Cal. Apr. 5, 2024) (allowing modifications to class definition given "the 'inherently tentative' nature of the class definition, 'particularly during the period before any notice is sent to the members of the class'" (quoting *Falcon*, 457 U.S. at 160)). So, the amended class still satisfies Rule 23(a)(4)'s adequacy requirement.

Because the parties do not otherwise dispute the proposed amended class satisfies Rule 23's requirements, Rule 23 does not provide grounds to deny Plaintiffs' motion.

### C. Prejudice to GreenSky

Courts may deny motions to amend the class definition if the amendments will "cause [] prejudice to defendants." *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 591 (N.D. Cal. 2010). None of GreenSky's prejudice arguments are persuasive.

First, while "courts frequently allow plaintiffs to . . . narrow[] their class definition," courts have declined to expand class definitions because the additional discovery and changes to defense strategy can prejudice a defendant. *See Gold v. Lumber Liquidators Inc.*, No. 14-CV-05373-TEH, 2017 WL 2688077, at \*4-5 (N.D. Cal. June 22, 2017) (allowing the plaintiffs to narrow the product at issue in their class but not allowing the plaintiffs "to expand the membership of their California Class" because the expansion "would significantly prejudice" the defendant); *see, e.g.*, *Mobile Emergency Hous. Corp. v. HP, Inc.*, No. 20-CV-09157-SVK, 2022 WL 18098217, at \*11 (N.D. Cal. Dec. 7, 2022) ("Plaintiffs' proposed 'Device Owner Class' definition, which significantly expands the putative class, would greatly alter the nature of the litigation, and would require HP to undertake, at a late hour, an entirely new course of defense, increasing litigation costs, and prejudicing HP." (cleaned up)). Although Plaintiffs' proposed amendment "result[s] in

6

United States District Court
Northern District of California

fewer class members," GreenSky argues the amendment should be treated as if it expands the class definition because Dr. Williams's model estimates greater aggregate damages and therefore "expand[s] GreenSky's potential liability." (Dkt. No. 442-1 at 18-19.)  Again, GreenSky cites no cases supporting this argument.  Instead, courts find prejudice from expanding a class definition because adding new class members, claims, or time could require additional discovery.  *See, e.g.*, *Gold*, 2017 WL 2688077, at \*5 (agreeing the defendant would be "prejudiced by the change because it would add entire categories of previously unidentified customers and product uses that were not the subject of written discovery, deposition testimony, or expert analysis" (cleaned up)); *Turner v. Apple, Inc.*, No. 5:20-CV-07495-EJD, 2024 WL 4008763, at \*5 n.3 (N.D. Cal. Aug. 30, 2024) (finding "proposed amendment would prejudice Apple" by "expand[ing] the class period by years" and "potentially expos[ing] Apple to new liability that it would otherwise not have faced").  When, as here, Plaintiffs simply eliminate class members without adding new members, claims, legal theories, or time periods, Plaintiffs clearly narrow the class.  And absent any explanation how Plaintiffs' narrowing the class forces GreenSky to conduct additional discovery, GreenSky has not shown prejudice.

Second, GreenSky argues prejudice because the amendment "potentially exposes GreenSky to another proposed class action from" the 13,364 individuals excluded from this class under the amended definition.  (Dkt. No. 442-1 at 20.)  But "the threat of future litigation which causes uncertainty" and "the mere inconvenience of defending another lawsuit do not constitute plain legal prejudice."  *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1280 (9th Cir. 2023) (quotation marks and citation omitted).

Third, GreenSky argues the amendment increases its "discovery burdens" because it "forces GreenSky . . . to litigate two classes at once."  (Dkt. No. 442-1 at 22.)  But GreenSky does not explain why it would need to continue litigating the prior class after the Court amends the class definition.  GreenSky also asserts: "Dr. Williams's deposition is set for July 22, 2026, . . . leaving GreenSky no opportunity to develop the record on the newly minted class."  (Dkt. No. 442-1 at 22.)  But GreenSky has not identified what record it would seek to—but cannot—develop.  Absent some explanation about the additional discovery it needs, GreenSky has not

7

shown the amendment increases its discovery burdens in a prejudicial way. *See Andrews v. Plains All Am. Pipeline, L.P*, No. CV-154113-PSG (JEMx), 2019 WL 6647928, at *8 (C.D. Cal. Nov. 22, 2019) (finding no prejudice when the defendants need only "depose Plaintiffs' experts" and "modify their reports to respond to the changed class").

### D.    Plaintiffs' Delay

In a footnote, GreenSky asserts Plaintiffs' undue delay in bringing this motion, which was filed less than two months before the close of expert discovery. (Dkt. No. 442-1 at 19 n.4.) But GreenSky produced the loan data through January 2025 on April 16 and 17, 2026; Dr. Williams updated and served his report on May 6, 2026; and Plaintiffs brought this motion on June 4, 2026. GreenSky cites no case in which a court has considered a six-week delay after the defendant's production of new evidence unreasonable. *Cf. Gaston v. Exelon Corp.*, 247 F.R.D. 75, 85-86 (E.D. Pa. 2007) (in November 2007, finding delay in seeking amendment based on facts the plaintiffs should have known in 2004 or 2005); *Town of Lexington v. Pharmacia Corp.*, No. 12-CV-11645, 2015 WL 1321448, at *5 (D. Mass. Mar. 24, 2015) (finding undue delay given "[n]o new information prompting modification of the class has come to light as a result of the discovery process").

So, the Court grants Plaintiffs' motion to amend the class definition.

## II.    SEALING MOTIONS

GreenSky seeks to seal (1) portions of Dr. Williams's expert report, (Dkt. No. 433-4); (2) portions or the entirety of Dr. Fredrick Flyer's expert report, (Dkt. No. 444-2); and (3) references to information in Dr. Williams's and Dr. Flyer's reports in the parties' motions, (Dkt. Nos. 433-3, 444-1, 445-3). The Court rules as follows:

- The Court GRANTS GreenSky's request to seal the information in Dr. Williams's report described in Docket No. 441. (Dkt. Nos. 433, 441.) GreenSky identifies information which the Court has already deemed sealable or is otherwise confidential business information which could cause competitive harm if disclosed.

- The Court DENIES GreenSky's request to seal Dr. Flyer's report in its entirety, but GRANTS GreenSky's request to seal the portions of Dr. Flyer's report identified in Docket

United States District Court
Northern District of California

No. 444 at 4-5. (Dkt. No. 444.)[3] The specifically identified portions include confidential and proprietary business information, or third-party identifying information, which could cause GreenSky harm if disclosed.

- The Court GRANTS IN PART GreenSky's request to seal information in Plaintiffs' motion, GreenSky's opposition, and Plaintiffs' reply to the extent they describe the sealable information in Dr. Williams's and Dr. Flyer's reports. (Dkt. Nos. 433, 441, 444, 445.)

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' motion and amends the certified class to include:

> All persons who secured in California, between January 9, 2016 and [January 2, 2025], a GreenSky Consumer Program loan for which the loan principal amount was $500 or higher and the associated transaction fee was at greater than 2% of the loan principal amount..[4]

This Order disposes of Docket Nos. 433, 434, 442, 444, and 445.

**IT IS SO ORDERED.**

Dated: July 10, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

[3] In light of GreenSky's amended motion at Docket No. 444, the Court DENIES as moot GreenSky's sealing motion at Docket No. 442.
[4] This class definition retains the exclusions listed in footnote 1.